State *v.* M. and F. S. Hall.

THE STATE *v.* MARTIN HALL AND FREDERICK S. HALL.

*Justice of Peace—Jurisdiction.   Assault and Battery.   Motion in arrest.*

Where the town grand juror preferred his complaint to a justice of the peace, in two counts, one count charging an assault with intent to ravish, and the other count charging a common assault, and the justice took jurisdiction of the case; *it was held*, that the presumption was, that the justice, after making preliminary inquiry, determined that there was not sufficient evidence to justify him in requiring the respondents to recognize for a trial on the first count, and the other count being for assault and battery of a minor grade, he ought to try it, and did so; that being so, the jurisdiction of that Court is fully made out.

State *v.* M. and F. S. Hall.

THIS WAS A COMPLAINT of a town grand juror in two counts; the first count charged the respondents with an assault with intent to ravish, &c.; the second count charged the respondents with a common assault. It appeared from the records of the justice, that the respondents were arraigned upon said complaint, and plead not guilty, and put themselves on the country for trial. And that the said justice, after examining the testimony in the case, held that the same was within his jurisdiction to try, and ordered that a jury come, &c.; that the respondents, with the consent of the town grand juror, " withdrew their pleadings for a trial by jury, and put themselves upon the court for trial." " Whereupon the said justice, having heard the proofs, &c., doth adjudge that said Martin Hall and Frederick S. Hall are guilty of the facts charged in the second count in the complaint." And the said justice sentenced said Martin to pay a fine of $4,00, and the said Frederick to pay a fine of $2,00, and that they pay the costs of prosecution, taxed at $8,48, and stand committed until the sentence is complied with.

From this judgment, the respondents appealed to the County Court.

In the County Court, September Term, 1852,—PIERPOINT, J., presiding,—the respondents, after verdict and before judgment, moved the Court that judgment on said verdict be arrested, because the crime charged in one of the counts in the complaint, for the commission of which the respondents were complained of, arrested, and tried before the justice, was not within the jurisdiction of said justice, and that no *nolle prosequi* has been entered on the same, &c.; wherefore they pray that the verdict be quashed, &c. The Court decided that the causes set forth in said motion in arrest are insufficient to arrest the judgment on said verdict.

Exceptions by respondents.

*J. E. Butler* and *E. Kirkland* for respondents.

1. The conviction was unlawful, because the justice had not final jurisdiction of the offence ; but only an authority to hold to bail to answer to a higher Court. Comp. Stat. Chap. 29, § 1. Comp. Stat. Chap. 103, § 25.

2. The inference from the record is, that the justice assumed jurisdiction over the whole matter charged, for it shows no *nol. pros.* in either case.

3. The complaint is bad, because the offences charged are distinct, and of a different nature and grade, and regulated by different statutes, &c. The one is a felony, the other a misdemeanor, and the authorities agree that the two cannot be joined in the same indictment. 1 Chit. Crim. Law 252.

4. A motion in arrest will obtain, if any part of the record is imperfect, repugnant or vicious. 1 Chit. Crim. Law 662.

*Geo. B. Kellogg* and *O. L. Shafter* for the State.

1. It appears by the record, that the first count was disposed of before the magistrate; that the trial, conviction and sentence, are on the second count, and that the appeal was from *that* judgment.

The second count only was in the County Court, by the operation of the appeal; and it will be presumed that the trial and conviction were on that count.

2. The court could make no order concerning the first count, for it remained with the justice, who had himself finally disposed of it. *State* v. *Davidson*, 12 Vt. 303. *State* v. *Hooker*, 17 Vt. 669. *State* v. *Downer*, 8 Vt. 429. *State* v. *Bean*, 19 Vt. 530.

BY THE COURT. If the ordinary presumptions in favor of the proceedings of a court are to be made in this case, we must conclude that the justice, after making a preliminary inquiry, determined that there was not sufficient evidence to justify him in requiring the respondents to recognize for a trial upon the first count, and that the other count was but an assault and battery of a minor grade and enormity, and that he ought to try it, and so did. That being so, we think the jurisdiction of that court is fully made out, and by consequence, the respondents can take nothing by their exceptions and motion in arrest; and the respondents are fined, the one $4,00, and the other $2,00, the same as by the justice, and costs.