## STATE *v.* ALEXANDER WILSON.

### January Term, 1901.

Present: TAFT, C. J., TYLER, MUNSON, START and STAFFORD, JJ.

Opinion filed May 20, 1902.

*Justice of the peace—Criminal jurisdiction.*

When a respondent is brought before a justice of the peace charged with a crime exceeding the jurisdiction of that court to try and determine, it is the duty of the justice to bind over or discharge, and, without the consent of the state, he has no authority to take jurisdiction and adjudge the respondent guilty of a minor offense included in the one charged.

INDICTMENT for a breach of the peace. Plea, former conviction before a justice of the peace. Respondent adjudged guilty on an agreed statement of facts filed, at the December Term, 1900, Orange County, *Watson,* J., presiding. The respondent excepted.

It appeared from the agreed statement that the assault charged in this indictment was the same one with which the respondent was charged in the prosecution before the justice of the peace.

*J. W. Gordon, S. H. Jackson* and *R. M. Harvey* for the respondent.

When the respondent was brought before the justice charged with assault with intent to kill, that court decided that the evidence did not warrant binding him over, but showed a simple assault. Since such an assault is included in the

offense charged—*State* v. *Scott,* 24 Vt. 127—and since the statute (V. S. 5048) gives a justice concurrent jurisdiction of a simple assault, it was optional with the justice to take jurisdiction or bind over. *State* v. *Hall,* 25 Vt. 247; *Com.* v. *Harris,* 8 Gray 477; 16 Ency. Pl. & Pr. 858-870; *In re Donnelly,* 30 Kansas 424.

The assault for which the respondent was convicted and the breach of the peace charged in this indictment being one and the same offense, this prosecution is barred. *State* v. *Emery et al.,* 68 Vt. 109.

*David S. Conant,* State's Attorney, for the State.

The jurisdiction of a justice of the peace is purely statutory. In matters exceeding the jurisdiction of the justice to try, he must either bind over or discharge. V. S. 1940; *State* v. *Nichols,* 38 Ark. 550; *McClain* v. *State,* 31 Tex. Cr. Rep. 558; *State* v. *Foster,* 33 Io. 525.

If the court has no jurisdiction, the final judgment is void. I Bish. Cr. L. § 1028; *McClain* v. *State, supra.*

The opinion of a court of inquiry which has no final jurisdiction, is conclusive upon no one. *State* v. *Hodgkins,* 42 N. H. 474; *State v. Odell,* 4 Blackf. (Ind.) 156; *State* v. *Payne,* 4 Mo. 376; *State* v. *Nash,* 86 N. C. 650. A former conviction before a court without jurisdiction is no defense. *McClain* v. *State, Supra.*

MUNSON, J. The respondent was brought before a justice upon the complaint of a grand juror, which charged him with an assault with intent to kill and murder. The justice sitting as a court of inquiry, heard the evidence, and thereupon, without consent of the State, took jurisdiction of the case and adjudged the respondent guilty of a simple assault. The State claims that the justice had no jurisdiction, except to sit as a court of inquiry, and determine whether the respondent should be committed or discharged. The respondent claims that it was

optional with the justice to take jurisdiction of the case, or hold him for the action of the grand jury.

The only Vermont case cited upon the question is *State v. Hall,* 25 Vt. 247. In that case the complaint was in two counts, one of which charged an assault with intent to ravish, and the other a simple assault; and the justice took jurisdiction and found the respondent guilty of the offense charged in the second count. The court considered that there was a presumption that the justice made preliminary inquiry, and determined that there was not sufficient evidence to hold the respondent upon the first count, and that by the aid of this presumption his jurisdiction was fully made out. That case is not determinative of the one under consideration; for in that the justice, when he decided against his right to hold for the assault with intent to ravish, had before him a complaint charging a simple assault.

The respondent claims, however, that, inasmuch as a simple assault is included in an assault with intent to kill, the holding must be the same upon this complaint as in the case cited. It is true that, upon an indictment for an assault with intent to kill, the respondent could be convicted of a simple assault, for the reason stated. This procedure, however, is by force of the common law, while the jurisdiction of a justice is purely statutory; and it may be doubted whether this distinction would not defeat the respondent's claim, if there were no further objection to it.

But it is evident that the application of the doctrine relied upon to proceedings before a justice would deprive the informing officer of the power to determine the scope and effect of his own prosecution, and make the justice in fact both informing officer and magistrate. A justice cannot proceed except upon complaint. He can issue his warrant to apprehend a person "charged" with a criminal offense. He may try and determine

cases in which the offense so charged is not punishable beyond certain limits. He may cause persons "charged with crimes" exceeding his jurisdiction to try, to be apprehended and committed to prison or bound over for trial. His choice between these methods of disposing of the case depends upon the view which he takes of the evidence as determining the gravity of the particular offense charged; not upon the view which he takes of the evidence as determining which of two different offenses was committed. His action must always be with reference to the offense charged. If that offense is beyond his jurisdiction to try in any event, he must either bind up or discharge, and leave the determination of the question whether there shall be a prosecution for another offense to the judgment of the informing officer. It is easily conceivable that a prosecuting officer might bring a complaint for a grave offense, where the interests of justice would be far better subserved by having the respondent discharged, than by having the state precluded by the infliction of an insignificant fine for some trifling offense technically included in the offense charged. It can hardly have been intended by the legislature that an informing officer who has inaugurated a prosecution for an offense punishable with imprisonment for life, in the only language in which that offense can be charged, should be powerless to save his case from the final adjudication of a justice who considered the evidence before him insufficient to justify a detention.

*Judgment that there is no error in the proceedings and that the respondent take nothing by his exceptions. Let sentence be imposed.*

TAFT, C. J., died before the disposition of the case had been agreed upon.