# CITY OF ST. PAUL v. ADAM HALL.[1]

May 29, 1953.

No. 36,002.

*Mendel Wiener*, for appellant.

*Timothy P. Quinn* and *James F. Sullivan*, for respondent.

[1] Reported in 58 N. W. (2d) 761.

THOMAS GALLAGHER, JUSTICE.

On September 23, 1952, defendant was tried in the municipal court of the city of St. Paul on a complaint charging him as follows:

"Defendant Adam Hall is charged on September the 10th, 1952, at 1:15 a.m., or thereabouts at the premises known as 299 Rondo Street, said defendant being in charge of the occupant of said premises and being present at the time, did aid and abet John Mason in the commission of a crime, to-wit, did sell one pint of whiskey to Detective Petschel without a license so to do in violation of state law. Let the record show the defendant pled not guilty."

On September 26, 1952, he was found guilty and sentenced to be committed to the workhouse of the city of St. Paul for a term of 90 days. On October 3, 1952, he moved for an order vacating and setting aside the judgment and for a judgment of not guilty or, in the alternative, for a new trial. This motion was denied November 4, 1952. This is an appeal from the order denying it.

The sole question presented is whether the judgment of conviction is void because the municipal court of the city of St. Paul exceeded its jurisdiction in trying defendant on a complaint for an offense defined in M. S. A. 340.19(5) as a *gross misdemeanor* with prescribed punishment of imprisonment in the county jail "for not more than one year, or by a fine of not more than $1,000." § 610.20.

Section 340.19 includes the following:

"(5) Whoever shall sell directly or indirectly any intoxicating liquor without having a license for such sale shall be guilty of a gross misdemeanor.

"(6) Whoever shall violate any of the provisions of sections 340.07 to 340.40 as to sale, licensing, or any of the regulatory provisions pertaining thereto, as herein provided, shall be guilty of a misdemeanor."

It is respondent's contention that under § 340.19(6) the offense with which defendant is charged is defined as a misdemeanor for

the trial of which the municipal court of St. Paul had jurisdiction; that respondent could elect under which section of the statute it might proceed; and that, in the instant case, the proceedings indicated its election to prosecute under § 340.19(6) rather than § 340.19(5).

Under L. 1939, c. 101, § 3(e), M. S. A. 340.19(6) read as follows:

"Whoever shall violate any provisions of this act as to sale, licensing, or any of the regulatory provisions pertaining thereto or who shall sell any intoxicating liquor without having a license therefor or stamp thereon as herein provided for, shall be guilty of a gross misdemeanor."

In a later chapter of L. 1939, to wit, c. 248, M. S. A. 340.19(6) was restored to the language of its original enactment in 1934, which is as it now reads, and a new subdivision, which is now § 340.19(5), was added.

It is appellant's contention that the subsequent enactment of § 340.19(5) manifested a legislative intent to make the sale of intoxicating liquor without a license a *gross misdemeanor* and that, since the language of the complaint charges an offense directly within § 340.19(5), respondent had no right to proceed under § 340.-19(6) and the municipal court had no jurisdiction to try the case thereunder.

■ The identity of an offense is to be determined by reference to the act done and the statute which it violates. State v. Oleson, 26 Minn. 507, 5 N. W. 959 (concurring opinion). See, State v. Evans, 154 Minn. 95, 191 N. W. 425, 27 A. L. R. 1165; United States v. Lacher, 134 U. S. 624, 10 S. Ct. 625, 33 L. ed. 1080; 14 Am. Jur., Criminal Law, § 16; 22 C. J. S., Criminal Law, § 24. Whether a court has jurisdiction to try a particular offense is determined by reference to the allegations of the complaint. Bauman v. United States (5 Cir.) 156 F. (2d) 534; State v. Wilson, 74 Vt. 323, 52 A. 419; State v. Dolby, 49 N. H. 483, 6 Am. R. 588; 14 Am. Jur., Criminal Law, § 215; 22 C. J. S., Criminal Law, § 127.

2. The jurisdiction of the municipal court of the city of St. Paul is limited by M. S. A. c. 488, appendix 3, § 1, which reads as follows:

"That said court shall have exclusive jurisdiction to hear all complaints and conduct all examinations and trials in criminal cases arising or triable within the City of Saint Paul heretofore *cognizable before a justice of the peace* * * *." (Italics supplied.)

Minn. Const. art. 6, § 8, provides:

"* * * no justice of the peace shall have jurisdiction of any civil cause where the amount in controversy shall exceed one hundred dollars, nor in a criminal cause *where the punishment shall exceed three months' imprisonment,* or a fine over one hundred dollars, * * *." (Italics supplied.)

M. S. A. 633.02 provides:

"Justices have power to hold a court, * * * to hear, try, and determine all charges for offenses arising within their respective counties where the punishment prescribed by law does not exceed a fine of $100 or imprisonment for three months."

It is obvious from the foregoing that the municipal court of the city of St. Paul does not have jurisdiction to try offenses defined by statute as gross misdemeanors for which the prescribed penalty exceeds the maximum punishment fixed under Minn. Const. art. 6, § 8, and M. S. A. 633.02 above set forth.

■ Comparison of § 340.19(5) with § 340.19(6) clearly shows an inconsistency in these two subdivisions of the enactment. The former defines the sale of intoxicating liquor without a license as a gross misdemeanor, while the latter specifies that violation of any of the provisions of the enactment as to sales is a misdemeanor. Since § 340.19(5) specifically defines the penalty for sale, it would seem that the legislature intended that it should govern over the more general terms of § 340.19(6). State ex rel. Bd. of Education v. Erickson, 190 Minn. 216, 251 N. W. 519. The enactment of § 340.19(5) subsequent to § 340.19(6) would further indicate the legislative intent that the later and more specific enactment with reference to sale was intended to supplant the prior and more general provisions relative thereto. 6 Dunnell, Dig. & Supp. § 8984. Finally, long acquiescence in the practical construction

placed upon a statute by an administrative official is entitled to great weight in the construction thereof. Here the attorney general has consistently construed the sale of intoxicating liquors without a license as a gross misdemeanor under § 340.19. See, Opinions Attorney General, No. 218-C-2, August 7, 1939; No. 218-F, August 7, 1939; No. 218-F, May 1, 1939; No. 218-J-12, February 6, 1942.

With these well-established rules in mind, we are compelled to conclude that the legislature intended that the sale of intoxicating liquors without a license constitutes a gross misdemeanor under § 340.19 and that, hence, the municipal court of St. Paul was without jurisdiction to try an offense thereunder or render judgment in connection therewith. State ex rel. Ryan v. Morical, 182 Minn. 368, 234 N. W. 453.

Cases cited by respondent in support of his contention that at its option it might proceed to try appellant for a misdemeanor under § 340.19(6) appear to involve entirely different situations. They relate to instances where a defendant was charged with committing acts which might constitute an offense under either one of two separate and distinct statutes. See, Bonahoon v. State, 203 Ind. 51, 178 N. E. 570, 79 A. L. R. 453; Palmer v. State, 197 Ind. 625, 150 N. E. 917; People v. Krank, 110 N. Y. 488, 18 N. E. 242; People v. Lefkowitz, 232 App. Div. 18, 248 N. Y. S. 615; People v. Stein, 80 App. Div. 357, 80 N. Y. S. 847; People v. Solomon, 125 App. Div. 429, 109 N. Y. S. 906.

The order appealed from is reversed.