STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. DOUGLAS W. LeJAMBRE, DEFENDANT-APPELLANT.

Argued January 7 and April 20, 1964—Decided May 18, 1964.

316

*Mr. Theodore G. Fitzgeorge* argued the cause for the appellant (*Mr. Joseph M. Dalton, Jr.,* on the brief).

*Mr. Edward J. Phelan,* Assistant Prosecutor, argued the cause for the respondent (*Mr. Stanley E. Rutkowski,* Prosecutor, Mercer County, attorney).

PER CURIAM. On September 13, 1962 the defendant allegedly committed a holdup at a tavern in Trenton, using a toy pistol in the process and forcibly taking $73 from the bartender. He was later arraigned before Michael A. Travers, a non-lawyer magistrate who had been designated to sit temporarily in the Trenton Municipal Court. See *N. J. S.* 2A:8–10; *R. R.* 8:13–2. A complaint charging the defendant with robbery in violation of *N. J. S.* 2A:141–1 was prepared by the then clerk of the court, was signed and sworn to by Patrolman Dillon, and was placed by the clerk at the judge's bench. The defendant was in the courtroom and was represented by counsel. Because of obscurities in the record as to what occurred thereafter, we remanded the matter to County Court Judge Bennett for testimony and findings which have since been transmitted to us.

Magistrate Travers testified that when the complaint was handed up to him he said to counsel for the defendant, "This is larceny, isn't it," and counsel replied, "Yes, your honor." He testified further that the defendant then waived indictment and trial by jury and pleaded guilty and that thereupon

he "fined him $50 and gave him three months' suspended sentence in the county jail." The magistrate did not recall anything about alterations in the complaint but the clerk of the court testified that after the sentence had been imposed and the magistrate had returned to his chambers, he took the complaint to the magistrate and inquired whether he wanted to "dispose of it under petty larceny" and that, after receiving an affirmative response, he made certain alterations in the complaint. These consisted of x-ing out the references in the complaint to "forcibly" and to the robbery statute (*N. J. S.* 2A:141–1) and inserting a reference to the larceny statute (*N. J. S.* 2A:119–2). There was no re-execution of the complaint by Patrolman Dillon. Although Judge Bennett determined that "the original complaint was for armed robbery" and "was later changed to larceny," he found himself unable to determine whether the alterations occurred before or after the complaint was presented to the magistrate. We have carefully examined the transcript of the testimony and find no sufficient reason for rejecting the clerk's clear recollections in this regard.

The actions in the Municipal Court were all taken without the consent or knowledge of the Mercer County Prosecutor. In due course the prosecutor presented the matter of the alleged holdup to the Mercer County Grand Jury which returned an indictment charging the defendant with armed robbery in violation of *N. J. S.* 2A:141–1 and *N. J. S.* 2A:151–5. The defendant entered a plea of not guilty and then moved before trial to dismiss the indictment on his plea of double jeopardy. See *State v. Currie,* 41 *N. J.* 531, 535 (1964). After hearing argument, Judge Bennett denied the motion and the defendant appealed, with leave, to the Appellate Division. We certified before argument there.

We are not concerned here with cases such as *State v. Labato,* 7 *N. J.* 137 (1951), and *State v. Mark,* 23 *N. J.* 162 (1957), where disorderly conduct complaints were filed and determined before magistrates who were authorized to deal with them. Since they admittedly had jurisdiction to dispose

of the disorderly conduct complaints, their determinations were held to bar later prosecutions for more serious charges based on the identical facts. See *State v. Currie, supra,* 41 *N. J.,* at *pp.* 539–540; *State v. Berry,* 41 *N. J.* 547, 552–553 (1964). Nor are we concerned here with a case such as *State v. Dixon,* 40 *N. J.* 180 (1963), where a complaint for illegal possession of untaxed alcoholic beverages contrary to *R. S.* 33:1–50(e) was downgraded, with the consent of the county prosecutor, to a charge of disorderly conduct which was then tried by the magistrate; since the charge as thus downgraded was within the magistrate's jurisdiction, his determination was held to bar a later prosecution under *R. S.* 33:1–50(e). In the course of its opinion in *Dixon* this Court specifically pointed out that in order for the magistrate "to retain jurisdiction and to dispose of the matter, permission to downgrade the offense had to be obtained from the prosecutor or his representative." 40 *N. J.,* at *p.* 187. Here there was admittedly no such permission.

■■ The robbery complaint against the defendant was duly sworn to and filed by Patrolman Dillon in accordance with *R. R.* 8:3. Upon receiving it, Magistrate Travers had jurisdiction to conduct the preliminary hearing and hold the defendant to await action by the Grand Jury but he had no jurisdiction to try the charge set forth in the complaint. In the first place he was a non-attorney magistrate and as such was not authorized to try any indictable offense even where the defendant waived indictment and trial by jury. *R. R.* 8:3–3(b); *N. J. S.* 2A:8–22. Secondly, even if he were an attorney-magistrate, he would not be authorized to try the charge of robbery since that offense, being punishable by a fine not exceeding $5,000 and imprisonment not exceeding 15 years (*N. J. S.* 2A:141–1), was not one included within *N. J. S.* 2A:8–22 which lists the offenses triable by a magistrate on waiver of indictment and trial by jury. *Cf. State v. War,* 38 *N. J. Super.* 201, 205 (*Cty. Ct.* 1955); *Jucker v. Recorder's Court of Irvington,* 133 *N. J. L.* 12, 14 (*Sup. Ct.* 1945).

■■ When Magistrate Travers proceeded to try the defendant, the only complaint before him was for robbery. No effort was then made to amend the complaint to downgrade the offense; and since there had been no consent by the prosecutor, any such effort would have been beyond the magistrate's jurisdiction. *Cf. State v. Dixon, supra.* The magistrate's action in accepting a plea of guilty to larceny and his imposition of a fine and suspended sentence had no basis in any complaint other than the robbery complaint which admittedly he had no authority to try. Consequently the action he took was beyond his power and was a legal nullity which could not be given life by the clerk's later alterations. As a legal nullity it could not furnish any basis for the plea of double jeopardy upon which the defendant now relies. See *State v. Firth,* 103 *N. J. L.* 275, 279 (*Sup. Ct.* 1926); cf. *State v. Osborn,* 32 *N. J.* 117, 128 (1960); *State v. Labato, supra,* 7 *N. J.,* at *p.* 151; *State v. Boynton,* 143 *Me.* 313, 62 *A.* 2d 182, 186 (*Sup. Jud. Ct.* 1948); *Crawford v. State,* 174 *Md.* 175, 197 *A.* 866, 868 (*Ct. App.* 1938); *Holmes v. State,* 29 *Ala. App.* 594, 199 *So.* 736, 738 (*Sup. Ct.* 1941); *State v. Rountree,* 127 *S. C.* 261, 121 *S. E.* 205 (*Sup. Ct.* 1924); *Model Penal Code,* § 1.11 (Prop. Off. Draft 1962); *Model Penal Code,* §1.12, comment (Tent. Draft No. 5, 1956); *A. L. I., Double Jeopardy, p.* 92 (1935).

The American Law Institute's proposed *Model Penal Code* contains a provision (section 1.11) which bears on the subject at hand. It sets forth that an earlier prosecution shall not bar a later one where the earlier one (1) was before a court "which lacked jurisdiction over the defendant or the offense," or (2) was procured by the defendant "without the knowledge of the appropriate prosecuting officer and with the purpose of avoiding the sentence which might otherwise be imposed * * * or (3) * * *." The first subsection merely formulates the traditional rule which has been followed generally throughout the country and leads to a denial of the defendant's double jeopardy plea here. The second subsection is designed to deal with a danger somewhat akin to

that suggested by the record here. The very serious offense of robbery was clearly charged in the original complaint; when the magistrate voiced his mistaken understanding that the lesser offense of larceny was charged, the defendant's counsel stated his agreement; and the matter was then permitted to proceed as it did to the disparate sentence without the consent or knowledge of the county prosecutor. Under these circumstances, invocation of the bar of double jeopardy would operate with gross unfairness to the State and would tend to pervert the plea's legitimate and historic purpose of preventing oppression and harassment. See *State v. Currie, supra,* 41 *N. J.,* at *pp.* 539–543. In the light of the principles set forth in *Currie,* as well as the lack of jurisdiction in the proceeding before the magistrate, Judge Bennett's denial of the motion to dismiss the indictment was legally sound and is therefore:

Affirmed.

*For affirmance* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.