McCAIN, Judge.
By circumstance a search warrant issued out of the Criminal Court of Record for Orange County, together with the evidence seized thereunder became subject to scrutiny by a justice of the peace conducting a preliminary hearing on charges of possession of marijuana.
In beau-ideal fashion the warrant was quashed, evidence suppressed and charges dismissed against the defendants, now appellees herein.
*924 An information was later filed by the state charging appellees with possession of marijuana. This focuses our attention in the criminal court of . record where appellees with alacrity alleged res judicata and rekindled their claim to quash and suppress. Hearing only argument of counsel and attempting profound exactitude, the eminent trial judge, believing the prior determination had put this issue to rest, polished off the once pulsating search warrant and evidence by granting the motion.
A justice of the peace’s jurisdiction and authority is limited to determining misdemeanors,[1] however, he may issue a search warrant[2] and as a committing magistrate conduct preliminary hearings on felonies.[3] During such he determines whether or not there is probable cause to hold an accused for trial.[4]
The procedure for challenging a search warrant and seized evidence is substantially set forth in our criminal rules under the heading, “Pre-Trial Motions and Defenses”.[5] Essentially the aggrieved party moves “the court” to suppress the evidence.
We construe “the court” to mean the court of competent trial jurisdiction which in this case is the criminal court of record. This conclusion receives support from federal authority[6] whose criminal rules [7] are strikingly similar to ours.
Assuming arguendo we could conclude that a justice of the peace can hear and determine the sufficiency of a search warrant and evidence seized thereunder in a felony charge, appellees still cannot prevail at this juncture.
Repeatedly, opinions have decreed that prosecution may be instituted and maintained irrespective of whether a preliminary hearing is held and regardless of whether probable cause exists to bind the accused over for trial.[8]
It therefore logically follows and we conclude that a justice of the peace’s determination during a preliminary hearing that evidence was illegally seized as the result of an improper search is not res judicata on the issue of its admissibility when an information or indictment charging a felony is later filed in a court of competent trial jurisdiction.[9]
Appellees agreed with appellant’s statement of facts but have not favored us with discussion on the foregoing issue. Instead their presentation is limited to the merits of the legality of the search warrant and admissibility of evidence seized thereunder. Assuming this to be meritorious the trial judge should specifically rule on it, in advance of which arguments thereon are premature.
Accordingly, the trial court’s order quashing the search warrant and suppressing evidence is reversed and this cause is remanded for proceedings consistent herewith.
WALDEN and REED, JJ., concur.

. F.S. Chapter 37, F.S.A.

. F.S. Section 933.01, F.S.A.

. CrPR 1.120, 33 F.S.A.; F.S. Section 37.03, F.S.A.

. CrPR 1.122; Palmieri v. State, Fla.1967, 198 So.2d 633.

. CrPR 1.190(h).

. Giordenello v. United States, 1958, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503.

. Compare Fed.Rules 5(c) and 41(e) with CrPR 1.122(0 and 1.190(h).

. Montgomery v. State, Fla.1965, 176 So.2d 331, and cases cited therein.

. For a similar conclusion in another jurisdiction see People v. Prewitt, 1959, 52 Cal.2d 330, 341 P.2d 1.