303 So.2d 658 (1974)
Archie W. CAVES, Appellant,
v.
STATE of Florida, Appellee.
No. 72-574.
District Court of Appeal of Florida, Second District.
November 6, 1974.
Rehearing Denied December 19, 1974.
David A. Demers of Pope, LaBarbera & Sabella, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee; Charles Corces, Jr., and Richard C. Booth, Asst. Attys. Gen., Tampa, for appellee.
*659 MANN, Judge (Ret.).

ON PETITION FOR REHEARING
We grant appellant's petition for rehearing, withdraw our former opinion and substitute the following in its place.
Near closing time Caves entered a dry cleaning establishment and pulled a young girl who worked there into the bathroom. He demanded that she remove her clothes but she refused. He turned her around, unzipped her dress, unfastened her brassiere and allowed them to drop to the floor. He then engaged in certain lascivious acts, never removing any of his own clothes. The girl said that Caves told her he had "changed his mind" and that he stated, "I can't rape you honey, you're too young."
Caves was charged with assault with intent to commit rape. At a preliminary hearing the Justice of the Peace found probable cause only as to assault with intent to commit sodomy and bound the defendant over. Our Supreme Court having decided Franklin v. State, Fla. 1971, 257 So.2d 21, which held the sodomy statute unconstitutional, the Justice of the Peace set aside his finding of probable cause as to assault with intent to commit sodomy and directed defense counsel to prepare an order finding probable cause on a charge of lewd and lascivious conduct. Fla. Stat. § 800.02 (1973). Caves entered a plea of guilty to that lesser charge. It is clear that if it had been the charge originally filed by the state, the Justice of the Peace would have had jurisdiction to entertain that plea. Later, Caves was charged by information, filed in the Circuit Court, with assault with intent to commit rape. He entered a nolo contendere plea, reserving the right to take this appeal to determine the important question whether his adjudication of guilt on the lesser charge precludes his conviction of assault with intent to commit rape.
We must state at the outset that we think the evidence is more ample to show that when the assault began Caves had rape on his mind. His later change of heart shows no fundamental insufficiency of proof as to the greater charge. It is clear, however, that if the state consented to Caves' conviction on the lesser charge by filing a formal information charging it, there would be no question that Waller v. Florida, 1970, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435, would preclude a later felony conviction embodying and going beyond a lesser included offense. Our Supreme Court has held that a plea of guilty entered to a valid criminal charge in either an indictment or information in a court of competent jurisdiction raises a bar of former jeopardy against another prosecution for a higher offense based upon the same transaction. Ray v. State, Fla. 1969, 231 So.2d 813.
We conclude that in the present case the Justice of the Peace Court was without jurisdiction to accept Caves' guilty plea and that the subsequent prosecution for the higher offense is not precluded, although he is of course entitled to credit for any time served under the lesser charge.
A criminal prosecution presupposes the existence of a valid accusation charging a crime against the defendant. Such an accusation in some form is an essential requisite of jurisdiction which cannot be waived. See Annotation, "Right to Waive Indictment, Information or Other Formal Accusation," 56 A.L.R.2d 837 at 838. See also Fla. Const. Art. I, §§ 15(a) and 16, FRCrP 3.150. It is the allegata of this charge that determine the court's jurisdiction over the prosecution. Pope v. State, Fla.App.2d 1972, 268 So.2d 173; McLean v. State, 1887, 23 Fla. 281, 2 So. 5.
Fla. Const. Art. V, § 11(2), 1885, provided:
"The justices of the peace shall have jurisdiction .. . in such criminal cases, except felonies, as may be prescribed by law, and he shall have power to issue *660 process for the arrest of all persons charged with felonies and misdemeanors not within his jurisdiction to try, and make the same returnable before himself or the county judge for examination, discharge, commitment or bail the accused."
Fla. Stat. § 37.01, 1971, now repealed, limited the justice's trial jurisdiction to certain misdemeanors. Section 937.02 further provided:
"Upon complaint made upon an affidavit to any justice of the peace by any person that any offense which he has jurisdiction to try and determine has been committed within his district, he may issue a warrant in the usual form, making it returnable either before himself or before the county judge."
Apparently referring to such a complaint, § 937.05 provided:
"Arraignment and Plea
(1) The charge made against the accused, as stated in the complaint or warrant, shall be distinctly read to the accused, who may plead thereto ...
(2) If the accused shall plead guilty to such charge, the justice of the peace shall thereupon enter such plea upon his docket, give judgment upon same, and enter such judgment upon his docket."
Thus, the Justice of the Peace Court's jurisdiction to arraign and accept pleas from defendants is apparently limited to those cases in which he has jurisdiction to try the offense charged. The justice's actions as a committing magistrate are limited to examination, discharge, binding over or setting bail. Even if the defendant is discharged he is not protected from a subsequent prosecution by information. Di Bona v. State, Fla.App.2d 1960, 121 So.2d 192.
Moreover, the Justice of the Peace Court's jurisdiction over the prosecution may not be presumed. In Porter v. State, 1911, 62 Fla. 79, 56 So. 406, the Florida Supreme Court voided a misdemeanor conviction in the Justice of the Peace Court where the court's jurisdiction did not appear upon the face of the complaint. The complaint charged the defendant with larceny of a hog and neither the charge nor the trial record indicated that its value was less than $20. Since such an allegation was necessary to charge an offense within the justice court's jurisdiction, the Supreme Court noted:
"Where a person is tried in a court of limited jurisdiction for a criminal offense, the charge should show that the offense alleged to have been committed was one within the jurisdiction of the court to try. In such a case where the charge fails to show that the court has jurisdiction of the offense alleged, such charge is fatally defective, and, unless it appears by the record of the trial that the court did have jurisdiction of the offense. A judgment and sentence of conviction entered on the fatally defective charge will be void, and the defendant may be discharged on habeas corpus.
Unless the jurisdiction of the justice of the peace appears upon the record of his proceedings, the defendant may not be protected against another trial for the same offense. Inferences and presumptions in favor of the jurisdiction of the court may be indulged as to circuit courts of the state, but not as to the courts of the justices of the peace, the former being courts of general jurisdiction, while the latter courts have only limited jurisdiction particularly defined."
Thus, the Justice of the Peace, sitting as committing magistrate, had no authority to reduce the felony charges alleged in the complaint. Absent special statutory authority, such an amendment can only be made with the consent of the prosecutor or upon the filing of a complaint charging an offense within the justice's jurisdiction. See People v. Titus, 85 *661 Cal. App. 413, 259 P. 465, 1927; State v. Goetz, 1902, 65 Kan. 125, 69 P. 187; State v. LeJambre, 1964, 42 N.J. 315, 200 A.2d 489; West v. State, 1923, 24 Okla. Cr. 225, 217 P. 1067; State v. Wilson, 1902, 74 Vt. 323, 52 A. 419; cf. DiBona v. State, supra. Since it is essential to the jurisdiction of the Justice of the Peace Court, we will not assume from the silent record that such consent or amendment actually occurred, Porter, supra.
Because it was without jurisdiction, the justice court's acceptance of the Caves guilty plea does not bar a prosecution for the higher offense. Accordingly, the judgment and sentence are
Affirmed.
HOBSON, Acting C.J., and BOARDMAN, J., concur.