PER CURIAM.
Defendant appeals his conviction for carrying a concealed firearm and unlawful possession of a firearm by a convicted felon.
On January 25, 1974, three police officers observed the defendant Julio Ramon Regalado receive a package from a female and put it in his automobile. When the officers ordered the defendant to halt he reached behind his back, the police officers drew their guns and placed the defendant against the wall. Upon patting him down, the officers removed a pistol which was tucked under the defendant’s trousers at the small of his back. Defendant was charged and at the preliminary hearing the magistrate dismissed the charges on the grounds of an illegal search and seizure. Thereafter, an information was filed charging defendant with carrying a concealed firearm and unlawful possession of a firearm by a convicted felon. Defendant filed a motion to suppress the pistol found on his person. This motion was denied and the cause proceeded to a non-jury trial at which defendant again moved to suppress. The motion was denied and defendant was adjudicated guilty and sentenced to concurrent sentences of 5 years for carrying a concealed weapon and 15 years for possession of a firearm by a convicted felon.
Defendant first urges as error the trial court’s overruling the determination of the magistrate at the preliminary hearing that the search and seizure of the pistol was illegal.
The sole purpose of a preliminary hearing being to determine probable cause and the magistrate’s duties being limited to examination, discharge, binding over and/or setting bail, we find that the magistrate’s court has no jurisdiction to suppress evidence. See State v. Everly, Fla.App.1969, 228 So.2d 923; Caves v. State, Fla.App. 1974, 303 So.2d 658.
Appellant secondly contends the trial court erred in refusing to allow the defendant to present an additional witness at trial for the purpose of testifying on the renewed motion to dismiss.
There was no abuse of discretion on the part of the trial judge as there was no need to permit new testimony with regard to the motion to suppress which had been disposed of prior to trial. See Davis v. State, Fla.App. 1969, 226 So.2d 257.
Affirmed.