748 A.2d 1153 (2000)
330 N.J. Super. 50
STATE of New Jersey, Plaintiff-Respondent,
v.
Allen R. STILL, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued March 28, 2000.
Decided April 12, 2000.
*1154 Claudia Van Wyk, Deputy Public Defender II, for defendant-appellant (Ivelisse Torres, Public Defender, attorney; Ms. Van Wyk, of counsel and on the brief).
Debra A. Owens, Deputy Attorney General, for plaintiff-respondent (John J. Farmer, Jr., Attorney General, attorney; Ms. Owens, of counsel and on the brief).
Before Judges PRESSLER, KIMMELMAN and ARNOLD.
The opinion of the court was delivered by KIMMELMAN, J.A.D.
Defendant Allen R. Still appeals from his third-degree conviction of theft by deception, N.J.S.A. 2C:20-4. His plea of guilty to the offense was accepted pursuant to a plea agreement with the Prosecutor. Defendant was sentenced to five years non-custodial probation and ordered, by way of a civil judgment, to make restitution of $5,083.91. We affirm.
This case has an incomprehensible and unusual twist caused by defendant which he now asserts as justification for this appeal on the ground that his right to be free of double jeopardy was violated.
From January 23, 1992, through August 6, 1992, defendant falsely collected unemployment benefits totaling $5434, while in fact, he was gainfully employed. When defendant's unlawful conduct was discovered, the New Jersey Department of Labor, through its representative, filed a complaint on September 13, 1995, against defendant in the Municipal Court of Camden charging theft by deception in the amount of $5434, "contrary to the provisions of N.J.S. 2C:20-4...." Thereafter, on May 23, 1997, defendant was indicted for the same offense by the Camden County Grand Jury. The indictment also contained two counts of the fourth-degree offense of making unsworn falsifications to the authorities, N.J.S.A. 2C:28-3a. On May 28, 1997, the Deputy Attorney General handling the matter addressed a letter to the Court Administrator of the Municipal Court of Camden advising that defendant had been indicted by the Camden County Grand Jury and requesting a dismissal of the municipal court complaint.
Next, on October 29, 1997, pursuant to a plea agreement with the prosecutor's office, defendant entered a plea of guilty to the indictment. Judge Ronald Freeman found a factual basis for the entry of the plea and accepted the same. Pending sentence scheduled for December 19, 1997, defendant was continued on bail.
On November 12, 1997, two weeks after his guilty plea to the crime of theft by deception was accepted, defendant, without counsel, made what appears to be an unscheduled appearance before the Municipal Court of Camden. He advised the municipal court judge that he wished to plead guilty to the charge of theft by deception appearing in the complaint. There was no notification given to the Deputy Attorney General handling the matter. Defendant advised the judge that he was changing his municipal court plea of not guilty to guilty because he was scheduled for sentencing in the Superior Court on December 19th. The municipal court clerk advised the judge that the Superior Court indictment was only for perjury. We can only assume that the clerk raised the indictment on her computer screen, missed the theft by deception count and instead focused on the charges of unsworn falsification to authorities, concluding they were equivalent to perjury. The judge, without himself checking the computer screen, then informed defendant that the computer system indicated he was going to appear for sentencing before Judge Freeman for the *1155 offense of perjury which was not the offense pending in the municipal court and that perjury and theft by deception (which he called "fraud") are not the same offenses.
The municipal court judge then advised defendant that he would hear defendant's plea of guilty and, after hearing defendant's explanation, announced that there was a factual basis for the plea. The judge then asked defendant for the terms of the Superior Court plea bargain. Defendant advised that, according to his plea bargain, he was to receive five years of probation on December 19 and would be required to pay back the amount of the theft. Thereupon the municipal court judge sentenced defendant to a probation period of three years, ordered restitution, and imposed a fine of $500 together with the customary statutory penalties. The municipal court order memorializing the sentence was entered on November 12, 1997.
On or about March 17, 1998, counsel for defendant made application to the Superior Court to set aside the indictment on the grounds of double jeopardy. Defendant's application asserted that on November 6, 1997, defendant had already entered a guilty plea to the charge before the municipal court and had been sentenced notwithstanding the fact that he had already entered a guilty plea before the Superior Court on October 29, 1997.
The matter was argued before Judge Freeman on May 29, 1998, on the adjourned date of sentencing. Judge Freeman ruled that the indictment had superseded the municipal court complaint, that it was erroneous for the municipal court to have proceeded, and that its judgment would be set aside. Judge Freeman also expressed his dissatisfaction with the municipal court's failure to have dismissed the complaint after having been directed to do so by the office of the Attorney General. Judge Freeman then proceeded to sentence defendant as above set forth in accordance with the terms of the plea bargain. The order setting aside the municipal court proceedings was entered on June 3, 1998.
We have thoroughly reviewed the record in this matter and are satisfied that the indictment by the Camden County Grand Jury superseded the municipal court complaint thereby depriving the municipal judge of jurisdiction. We are also satisfied that the entry of defendant's guilty plea before Judge Freeman on October 29, 1997, constituted a conviction pursuant to the terms of N.J.S.A. 2C:1-9c which, under the pain of double jeopardy, clearly deprived the municipal court of both the right to accept defendant's subsequent guilty plea and the ability to sentence defendant for that same offense.
By reason of the amount involved, the crime of theft by deception here was a third-degree offense, N.J.S.A. 2C:20-4 and N.J.S.A. 2C:20-2(d)(2), and was indictable. A municipal court is a court of limited jurisdiction. It does not have the authority to process an offense of the third degree. A municipal court's jurisdiction within its geographical territory is limited to the following:
a. Violations of county or municipal ordinances;
b. Violations of the motor vehicle and traffic laws;
c. Disorderly persons offenses, petty disorderly persons offenses and other non-indictable offenses except where exclusive jurisdiction is given to the Superior Court;
d. Violations of the fish and game laws;
e. Proceedings to collect a penalty where jurisdiction is granted by statute;
f. Violations of laws regulating boating; and
g. Any other proceedings where jurisdiction is granted by statute.

[N.J.S.A. 2B:12-17.]
Municipal courts also have jurisdiction over those crimes where punishment does not exceed a sentence of one year and *1156 where the defendant has waived indictment and trial by jury in writing, and where the county prosecutor has consented in writing. N.J.S.A. 2B:12-18.
In this matter, when the Camden County Grand Jury indicted defendant for a third-degree offense, the municipal court lost any jurisdiction it might have had to further process the complaint against defendant. See N.J.S.A. 2B:12-19. The municipal court judge had no authority or jurisdiction to downgrade the third-degree charge against defendant without the consent of the county prosecutor. See State v. LeJambre, 42 N.J. 315, 319, 200 A.2d 489 (1964) and State v. Dixon, 40 N.J. 180, 186-87, 191 A.2d 39 (1963).
In short, without the prosecutor's consent to a downgrade, the disposition of the third-degree offense of theft by deception was beyond the power of the municipal court to adjudicate. The municipal court's action in this case was a legal nullity which can not furnish any basis for defendant's current plea of double jeopardy. State v. LeJambre, supra, 42 N.J. at 319, 200 A.2d 489.
For these reasons, the order entered by Judge Freeman on June 3, 1998, is affirmed substantially for the reasons expressed in his oral opinion of May 29, 1998.