## JOSEPH W. PARKS *v.* STATE OF MARYLAND

[No. 23, September Term, 1979.]

*Decided January 31, 1980.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, ORTH, COLE and DAVIDSON, JJ.

*George E. Burns, Jr., Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*F. Ford Loker, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

COLE, J., delivered the opinion of the Court.

Once again we are presented with a set of circumstances where we must determine if the defendant's claim of double jeopardy prevents the State from trying him for the same offense a second time.

The facts are not in dispute. The defendant, Joseph W. Parks, while an inmate at the Maryland Correctional Camp Center, escaped, and a detainer based on an indictment charging escape was lodged against him. After being apprehended and returned to prison, he filed a Request for Disposition of Intrastate Detainer pursuant to Maryland Code (1957, 1976 Repl. Vol., 1978 Cum. Supp.), Art. 27, § 616S which required that he be tried within 120 days after receipt of the request by the proper authorities. He was not in fact brought to trial until 124 days later. He moved to dismiss the indictment due to the State's failure to comply with the time strictures of § 616S. The Circuit Court for Anne Arundel County denied the motion, found the defendant guilty of escape and sentenced him to six months imprisonment, consecutive to the sentence then being served. The defendant

appealed and the Court of Special Appeals reversed and remanded the case in an unreported opinion, *Parks v. State,* No. 75, September Term, 1977, filed October 21, 1977. The circuit court pursuant to this decision dismissed the indictment.

The Grand Jury, shortly thereafter, returned a new indictment charging the defendant with the same offense. He moved to dismiss this indictment on grounds of double jeopardy. The Circuit Court of Anne Arundel County denied his motion and he appealed again to the Court of Special Appeals which affirmed the circuit court. *Parks v. State,* 41 Md. App. 381, 397 A.2d 212 (1979).

In its opinion the intermediate appellate court first traced in great detail the relevant legislative history of § 616S and pointed out that the 1976 amendments to this section provided that dismissal caused by the State's failure to comply with the applicable time limits was without prejudice to the State to reindict. It concluded that the only question to be decided was whether a retrial following dismissal, pursuant to the statute, violates the double jeopardy clause. That court held that there was no such violation since jeopardy did not attach at the first trial for the reason that the trial court, by the express terms of § 616S (e),[1] was then without jurisdiction to hear the case. It relied on the proposition that a judgment entered by a court having no jurisdiction is absolutely void and is, therefore, no bar to subsequent indictment and trial in a court which has jurisdiction of the offense.

We granted certiorari limited solely to the question of

> whether retrial of appellant upon a new indictment after dismissal of the charge arising from the original detainer because the State failed to bring

---

1. § 616S (e):

(e) Dismissal when indictment, etc., not brought to trial. — If the untried indictment, information, warrant, or complaint for which request for disposition is made, is not brought to trial within the time limitation set forth in subsection (b) of this section, the court no longer has jurisdiction, and the untried indictment, information, warrant, or complaint has no further force or effect. In that case, the court upon request of the prisoner or his counsel shall enter an order dismissing the untried indictment without prejudice.

14

the escape charge to trial within the statutory period under Md. Code (1957 Ed., 1978 Cum. Supp.), Article 27, § 616S, would place him twice in jeopardy for the same offense.

Before us the defendant contends that the lower court erred in finding that jurisdiction as used in § 616S is synonymous with jurisdiction which enables a court to exercise the power to hear a case. He argues that having once been tried, convicted and sentenced jeopardy attached and that he cannot be made to stand trial for the same offense again.

The State, on the other hand, contends that while this Court could affirm on the theory that jeopardy did not attach because the trial court was without jurisdiction, the sounder approach is that even if jeopardy did attach to the first trial, retrial is not barred because the defendant's conviction was reversed by his own choice.

The prohibition against placing an accused twice in jeopardy for the same offense is rooted in the common law of this State and in addition is mandated by virtue of the fifth and fourteenth amendments to the United States Constitution. *Benton v. Maryland,* 395 U.S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969); *Block v. State,* 286 Md. 266, 407 A.2d 320 (1979); *Parojinog v. State,* 282 Md. 256, 384 A.2d 86 (1978); *State v. Shaw,* 282 Md. 231, 383 A.2d 1104 (1978).

The basic premise for enforcing the prohibition is to prevent the State from making repeated attempts to convict an individual, thereby subjecting him to the hazards of trial, embarrassment, expense, and anxiety as well as enhancing the possibility that even if innocent, he may still be found guilty. In accordance with this premise the United States Supreme Court and this Court have applied certain constitutional guarantees protecting the accused against unwarranted retrial.

These guarantees consist of constitutional protection against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; (3) and multiple punishment for the same offense.

*North Carolina v. Pearce,* 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969). It is this second ground of protection that the defendant claims was denied him in the instant case. He argues that he was placed in jeopardy by the trial court which had jurisdiction over the subject matter and of his person. He contends that the holding of the Court of Special Appeals that the trial court had lost its jurisdiction, that jeopardy never attached, and that its judgment was a nullity and void is unsupported by the law. We shall now determine what, if any, merit there is in these contentions.

Since *United States v. Ball,* 163 U.S. 662, 16 S. Ct. 1192, 41 L. Ed. 300 (1896) was decided, it has been settled that the second ground of protection imposes no limitation upon the power of a competent tribunal to retry a defendant who has succeeded in getting his first conviction set aside. In *Ball,* three men were charged with the murder of one William T. Box. The jury returned a verdict of guilty against two and not guilty against the third, M.F. Ball. The two convicted defendants appealed and won a reversal on the ground that the indictment was defective, in that it failed to state when and where Box died. All three defendants were retried; all three pleaded former jeopardy; all three were convicted.

The Supreme Court extended the first protection guaranteed by the fifth amendment to Ball who had been acquitted in his prior trial, stating that

> we are unable to resist the conclusion that a general verdict of acquittal upon the issue of not guilty to an indictment undertaking to charge murder, and not objected to before the verdict as insufficient in that respect, is a bar to a second indictment for the same killing. [163 U.S. at 669].

The Supreme Court went on to hold that

> [t]he verdict of acquittal was final and could not be reviewed, on error or otherwise, without putting him twice in jeopardy, and thereby violating the Constitution. [Id. at 671].[2]

---

2. This fundamental principle of double jeopardy has been followed in a long line of cases. *Kepner v. United States,* 195 U.S. 100, 24 S. Ct. 797,

As to the convictions of Ball's two confederates the Supreme Court affirmed. The Court explained that

> [t]heir plea of former conviction cannot be sustained, because upon a writ of error sued out by themselves the judgment and sentence against them were reversed and the indictment ordered to be dismissed.... [I]t is quite clear that a defendant, who procures a judgment against him upon an indictment to be set aside, may be tried anew upon the same indictment, or upon another indictment, for the same offense of which he had been convicted. [Id at 671-72].

*Ball,* then, makes clear that a defendant who successfully challenges his conviction may be retried by a court of competent jurisdiction, the rationale being that the defendant wiped the slate clean and the parties may start anew. Not only is the right of the defendant to an error-free trial protected but the societal interest that the guilty should be punished is preserved.

The Court of Special Appeals did not find this teaching of *Ball* applicable. The Court interpreted the statute as ousting the trial court of jurisdiction to try the defendant on a charge of escape. This the statute did not do; it sought to restrain the trial court from trying the defendant under that particular charging document. The court misconceived jurisdiction as it pertains to proceedings involving claims of double jeopardy.

A trial court has jurisdiction for purposes of double jeopardy when it has jurisdiction over the subject matter and the person of the defendant. A statute which seeks to limit the period in which a court should exercise its authority does not deprive it of jurisdiction for purposes of double jeopardy considerations. Thus, if the court exercises its power outside

---

49 L. Ed. 114 (1904); *Green v. United States,* 355 U.S. 184, 78 S. Ct. 221, 2 L. Ed. 2d 199 (1957); *United States v. Sisson,* 399 U.S. 267, 90 S. Ct. 2117, 26 L. Ed. 2d 608 (1970); *United States v. Wilson,* 420 U.S. 332, 95 S. Ct. 1013, 43 L. Ed. 2d 232 (1975); *Burks v. United States,* 437 U.S. 1, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978).

the prescribed period, its judgment is not thereby rendered void but only voidable. The defendant is subjected to the full force of the judgment until he attacks its validity. As the United States Supreme Court said in *Benton v. Maryland,* 395 U.S. at 796, the defendant "could quietly have served out his sentence under this 'void' indictment had he not appealed his conviction. Only by accepting the option of a new trial could the indictment be set aside; at worst the indictment would seem only voidable at the defendant's option, not absolutely void."

We have in recent decisions of this Court attempted to clarify the meaning of jurisdiction for purposes of applying the principles of double jeopardy. *Block v. State, supra; Parojinog v. State, supra.* In *Parojinog* petitions were filed in the juvenile division of the District Court of Maryland (Montgomery County) charging defendant with several delinquent acts of arson and related offenses. The District Court erroneously exercised its jurisdiction by making what were in effect an adjudication and disposition before conducting a hearing on whether to waive jurisdiction over the defendant. Some six months after ordering the juvenile to make restitution and undergo therapy, the District Court waived jurisdiction and indictments were filed against the appellant in the circuit court. Appellant's motion to dismiss on grounds of double jeopardy was denied by the circuit court. The Court of Special Appeals affirmed and we granted certiorari.

In reversing the decision below, this Court found that although the District Court did not have the authority to make adjudication and disposition without first conducting a waiver hearing, it did at the time of the unauthorized proceeding have jurisdiction over both the subject matter of the case and over the person. Accordingly, the court held that jeopardy did attach to the juvenile proceedings and that a new trial was prohibited.

The implications of *Parojinog* for the question in the case at bar were crystallized by our opinion in *Block*. This was a proceeding in the District Court against the defendant for shoplifting. Following a court trial and a verdict of guilty, the trial judge in response to defendant's motion, reconsidered

the verdict and rendered a verdict of not guilty. Subsequent to the prosecution's motion, the court set aside the not guilty verdict and ordered a new trial. After a request for jury trial and a transfer to the circuit court, defendant filed a motion to bar a new trial on the ground of double jeopardy. The circuit court denied the motion. This Court granted a writ of certiorari by-passing the Court of Special Appeals.

On appeal the State contended that because the District Court lacked jurisdiction to set aside the guilty verdict and render a verdict of not guilty, the verdict of acquittal was a nullity under the theory of no jurisdiction — no jeopardy. This Court rejected the State's contention and held that a new trial of the defendant for the same offense would violate the double jeopardy clause. Writing for the Court, Judge Eldridge explained that the kind of jurisdiction encompassed by the rule of no jurisdiction — no jeopardy is "jurisdiction in the most basic sense. It does not mean that an error in the exercise of jurisdiction permits judicial proceedings to be treated as a nullity." *Block,* 286 Md. at 270, 407 A.2d at 322. The Court concluded by stating:

> In the present case, the District Court had jurisdiction over the offense at the time the verdict of not guilty was rendered. As in *Parojinog,* the fact that the court may not have been authorized under the rules to render the verdict does not make it void for double jeopardy purposes. The cases make it clear that an improper or defective exercise of jurisdiction does not deprive an acquittal of its finality. Instead, as long as the court rendering a not-guilty verdict has jurisdiction over the offense, the verdict is a bar to further criminal proceedings on the same charge. [Id. at 273-74, 407 A.2d 324 (citation omitted)].[3]

---

3. An older Maryland case, while not dealing with the meaning of jurisdiction, supports the reasoning of the Court here. *Crawford v. State,* 174 Md. 175, 197 A. 866 (1938). After finding that the jurisdiction of a justice of the peace in Baltimore City did not include the trial of one charged with aggravated assault, the Court held that one's acquittal of such a charge by a police magistrate in that city would not permit a defense of res judicata to subsequent indictment for murder as a result of the assault. The failure of jurisdiction in *Crawford* clearly was one of subject matter jurisdiction.

Thus, our cases demonstrate that when the trial court has fundamental jurisdiction over a criminal cause, its judgment is not invalidated because of an improper exercise of that jurisdiction. As noted in *Parojinog,* the State could not retry the defendant because in effect, he had already been convicted in the District Court, which conviction remained unreversed. In *Block,* the State could not retry the defendant because he had been acquitted on the merits. However, in each of these cases, the trial court had improperly exercised its jurisdiction.

Turning to the instant case, it is clear that the trial court at all times had jurisdiction over both the defendant and the subject matter. The expiration of the 120 day period in the statute affected neither of these grounds of jurisdiction. The statute only impaired the court's authority to exercise that jurisdiction. The judgment ultimately rendered was not void but voidable. When the defendant elected to challenge his conviction and did so successfully, he erased any jeopardy which attached by virtue of his first trial.

We hold, therefore, that the defendant cannot by his own act avoid the jeopardy in which he stands and then assert it as a bar to a subsequent jeopardy. Having obtained a reversal of his conviction on grounds other than the insufficiency of the evidence, the defendant is subject to retrial on another indictment. *Burks v. United States,* 437 U.S. 1, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978); *United States v. Scott,* 437 U.S. 82, 90-91, 98 S. Ct. 2187, 57 L. Ed. 2d 65 (1978).

We, therefore, affirm the judgment of the Court of Special Appeals but for different reasons.

> *Judgment of the Court of Special Appeals affirmed.*
> *Defendant to pay the costs.*

---

Although *Crawford* was a res judicata case, the similarity between that doctrine and that of double jeopardy led the Court of Special Appeals to find Crawford as precedent for its holding in *Tipton v. State,* 8 Md. App. 91, 258 A.2d 606 (1969). In *Tipton,* the court held that a former acquittal by a magistrate who lacked jurisdiction to try a felony would not on double jeopardy grounds bar a subsequent conviction by a proper tribunal. Here too, the lack of jurisdiction which permitted the court to treat the earlier proceeding as a nullity amounted to a failure of subject matter jurisdiction. Our holding today is consistent with *Crawford and Tipton.*