# TEDD SIDNEY HART v. STATE OF MARYLAND

[No. 789, September Term, 1981.]

*Decided April 7, 1982.*

The cause was submitted on briefs to MOORE and LISS, JJ., and CHARLES E. ORTH, JR., Associate Judge of the Court of Appeals (retired), specially assigned.

Submitted by *Alan H. Murrell, Public Defender,* and *Victoria S. Keating, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Stephen Rosenbaum, Assistant Attorney General, Sandra A. O'Connor, State's Attorney for Baltimore County,* and *Barbara Jung, Assistant State's Attorney for Baltimore County,* for appellee.

LISS, J., delivered the opinion of the Court.

On June 26, 1981, the Circuit Court for Baltimore County denied the motion of Tedd Sidney Hart, appellant, to dismiss, on the grounds of double jeopardy, the charge against him of driving while intoxicated. The same day the appellant noted an appeal to this Court of the denial of his motion.

The agreed statement of facts, entered into the record by the State incident to the appeal, is that:

> The state's evidence would be that Officer Quinn on 12/12/1980 was sitting at Dundalk and Center Place in Baltimore County, Maryland. At that time he was in his marked patrol car. He would testify he heard coming up from behind him a loud noise. He turned and saw a motorcycle. He would testify that the defendant . . . was the driver of the motorcycle. He would state that the defendant stopped the motorcycle at the intersection of a stop sign, that he made a left-hand on to Center Place and at that time he did a wheely or pulled the front of the motorcycle up, off the ground. At that time the engine stalled out and the defendant got off the motorcycle and was wheeling it down the road when the officer stopped him. And at that time, Your Honor, he made the observations that are on the sheet.

The sheet referred to is a report concerning the officer's observations relative to sobriety.

In its brief, the State candidly concedes:

> On March 20, 1981, a charging document was filed against appellant in the district court for driving while intoxicated and negligent driving. It was stipulated that on that date appellant prayed a jury trial on the charge of driving while intoxicated.

Notwithstanding the foregoing, the negligent driving charge was called for trial in the District Court on March 27, 1981. The charge was read to the defendant, who offered a not guilty plea, and testimony was given by the prosecuting police officer and partially by the defendant. During the

course of the proceedings, the trial judge learned for the first time that a jury trial had been prayed on the driving while intoxicated charge, which was a companion case to the negligent driving charge. The court then *sua sponte* struck the not guilty plea to the negligent driving charge and referred it to the circuit court for trial together with the driving while intoxicated charge. No verdict was entered as to either charge.

On May 21, 1981, appellant filed a motion to dismiss both charges on the ground of double jeopardy. On June 26, 1981, a hearing was held on the motion in the Circuit Court for Baltimore County and appellant's motion was denied. Appellant's notice of appeal was filed the same day. The sole question presented by the appeal is whether the trial court erred in denying appellant's motion to dismiss.

On appeal the appellant contends that the district court proceedings were sufficient to raise a double jeopardy bar to further proceedings in the circuit court on offenses contained in that charging document, particularly with regard to the driving while intoxicated charge. The State argues that the proceedings in the district court were a nullity and therefore are not a barrier to further proceedings in the circuit court on either of the charges against the defendant.

In *Parks v. State,* 287 Md. 11, 19, 410 A.2d 597 (1980), the Court of Appeals observed:

> [O]ur cases demonstrate that when the trial court has fundamental jurisdiction over a criminal cause, its judgment is not invalidated because of an improper exercise of that jurisdiction. As noted in *Parojinog* [*v. State,* 282 Md. 256 (1978)], the State could not retry the defendant because in effect, he had already been convicted in the District Court, which conviction remained unreversed. In *Block* [*v. State,* 286 Md. 266 (1979)], the State could not retry the defendant because he had been acquitted on the merits. However, in each of these cases, the trial court had improperly exercised its jurisdiction.

Thus, under Maryland Code (1974, 1980 Repl. Vol.) § 4-302 (e) of the Courts and Judicial Proceedings Article, the district court had no exclusive original jurisdiction over the negligent driving charge where the filing of the charging document preceded the demand for a jury trial and where the two charges arose from the same circumstances.

In the instant case the district court had fundamental jurisdiction over the two offenses on the charging document. On March 27, 1981, it improperly exercised its jurisdiction in conducting proceedings on the charging document after the appellant had prayed for a jury trial on the driving while intoxicated charge.

There is no doubt that under the facts in this case jeopardy attached. As this Court said in *Blondes v. State,* 19 Md. App. 714, 734, 314 A.2d 746 (1974):

> [W]e adopt as the rule with respect to a non-jury trial, that the indictment, information or charging document having been brought to trial on the general issue, jeopardy attaches when the first witness is sworn.

However, the fact that jeopardy attached was not necessarily dispositive of the issue as to whether the appellant may avoid trial on the ground of double jeopardy. The Supreme Court, in *Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973), stated:

> [I]n cases in which a mistrial has been declared prior to verdict, the conclusion that jeopardy has attached begins, rather than ends, the inquiry as to whether the Double Jeopardy Clause bars retrial. . . . Only if jeopardy has attached is a court called upon to determine whether the declaration of a mistrial was required by "manifest necessity" or the "ends of public justice." [410 U.S. at 467-68].

We conclude, in light of the facts in this case, that the trial judge's declaration of a mistrial was not an abuse of discretion. In the instant case the trial judge aborted the trial

because he discovered during the course of the proceedings that the major charge had been referred to the jurisdiction of the circuit court by reason of the accused's prayer for a jury trial. To have continued under the circumstances would have at the very least raised the issue of the jurisdiction of the district court to try the negligent driving charge and would have given rise to the same claim of double jeopardy on a different ground on the drunken driving charge.

In *Wade v. Hunter,* 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974, *rehearing denied,* 337 U.S. 921, 69 S.Ct. 1152, 93 L.Ed. 1730 (1949), the Supreme Court stated:

> The double-jeopardy provision of the Fifth Amendment, however, does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment. Such a rule would create an insuperable obstacle to the administration of justice in many cases in which there is no semblance of the type of oppressive practices at which the double-jeopardy prohibition is aimed. There may be unforeseeable circumstances that arise during a trial making its completion impossible, such as the failure of a jury to agree on a verdict. In such event the purpose of law to protect society from those guilty of crimes frequently would be frustrated by denying courts power to put the defendant to trial again. And there have been instances where a trial judge has discovered facts during a trial which indicated that one or more members of the jury might be biased against the Government or the defendant. It is settled that the duty of the judge in this event is to discharge the jury and direct a retrial. *What has been said is enough to show that a defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments.* [ *Wade*

*v. Hunter,* 336 U.S. at 688-689] [Footnote omitted; emphasis added].

In this case, for the trial judge to have continued in the face of the facts first disclosed to him during the course of the trial, would have at best produced a verdict which might have been upset on appeal because of a lack of jurisdiction by the trial court. We conclude that when the trial court became aware of its possible lack of jurisdiction to try the negligent driving charge, there was a "manifest necessity" to abort the proceedings because the defendant's interest to proceed to verdict was outweighed by the competing equally legitimate demand for public justice.[1]

*Judgment affirmed; costs to be paid by appellant.*

---

1. By reason of this result we need not address the question of whether jeopardy ever attached in the first instance to the driving while intoxicated charge which was never called for trial in the District Court.