519 A.2d 1320

**Clyde Jackson POWERS**

v.

**STATE of Maryland.**

**No. 620, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

Jan. 16, 1987.

Certiorari Denied May 21, 1987.

Jack B. Rubin (Roland Walker, Walker, Rubin & Van Bavel, P.A. on the brief), Baltimore, for appellant.

Jillyn K. Schulze, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty. for Baltimore City and Louis Coleman, Asst. State's Atty. for Baltimore City on the brief), Baltimore, for appellee.

Argued before GARRITY, KARWACKI and WENNER, JJ.

KARWACKI, Judge.

On November 26, 1985, Michael Edward Braitsch was killed in an automobile collision which occurred at Washington Boulevard and Monroe Street in Baltimore City. The ensuing investigation by the Baltimore City Police Department revealed evidence that Clyde Jackson Powers, the appellant, had operated one of the automobiles involved in that accident, but that he had left the scene immediately thereafter without identifying himself or rendering aid to the persons injured in the collision.

The appellant was arrested and brought before a District Court commissioner on December 3, 1985. Officer Gary D. Starkey, in compliance with Rule 4–211, filed a statement of charges together with an affidavit setting forth his probable cause to believe that the appellant caused the fatal accident on November 26 and was guilty of "1) automobile manslaughter; 2) speed; 3) automatic signal; 4) failure to remain at scene of death; 5) failure to give info/render aid; 6) reckless driving; 7) driving without a license." After a bail hearing, the appellant was released upon posting a

$100,000 bond. Contemporaneously, Officer Starkey issued a citation[1] to the appellant charging him with reckless driving of a motor vehicle on November 26, an offense proscribed by Md.Code (1977, 1984 Repl.Vol.), § 21–901.1(a) of the Transportation Article.

On January 22, 1986, the State's Attorney for Baltimore City filed two criminal informations against the appellant in the Circuit Court for Baltimore City. The first information contained two counts charging the appellant with manslaughter by automobile, under Md.Code (1957, 1982 Repl. Vol, 1986 Supp.), Article 27, § 388, and homicide by motor vehicle while intoxicated, under Article 27, § 388A. In the second information the appellant was charged with the same violations of the motor vehicle laws in connection with the November 26 accident as had been set forth in the statement of charges filed against him on December 3, with the notable exception of the charge of reckless driving. The appellant was arraigned on both informations on February 27, 1986, at which time he pleaded not guilty to all charges and elected a jury trial. The appellant's trial was scheduled to commence on May 2, 1986, but on that date he appeared in the Circuit Court and requested a postponement of his trial, which was granted. That same day the appellant went to the traffic division of the District Court of Maryland for Baltimore City, where he presented his reckless driving citation at the cashier's window and paid a fine of $250.00.

On May 15, 1986, the appellant filed a motion to dismiss the automobile manslaughter charge pending against him in the Circuit Court. Citing the constitutional prohibition against double jeopardy, he asserted that he could not be prosecuted for manslaughter by automobile because his payment of a fine for reckless driving constituted a conviction of a lesser included offense. His motion was denied

---

1. Pursuant to § 26–201 of the Transportation Article of the Code.

and he exercised his right to an immediate appeal. *Bowling v. State*, 298 Md. 396, 401 n. 4, 470 A.2d 797 (1984).

The reckless driving citation issued to the appellant on December 3, 1985, notified him that he could pay a fine of $250.00 and thereby avoid standing trial on the charge. The notice continued: "The payment of a fine shall be considered a conviction." Md.Code, *supra*, § 26–204 of the Transportation Article requires compliance with a citation for violation of the motor vehicle laws, providing as one of the alternative means of compliance: "Payment of the fine, if provided for in the citation." *Id.* § 26–204(b)(3). "Conviction" is defined in Md.Code, *supra*, § 11–110 of the Transportation Article as including the payment of a fine. Furthermore, we observed in *In re David K.*, 48 Md.App. 714, 719, 429 A.2d 313 (1981):

> A fine is a penal exaction; it may be imposed only "if there is a 'conviction' which necessarily requires a finding of guilt." *Commissioner of Motor Vehicles v. Lee*, 254 Md. 279, 286 [255 A.2d 44] (1969). It has consistently and universally been defined and considered in the context of a criminal proceeding, as a punishment imposed upon conviction of a crime.

(Citations omitted.)

Based on the foregoing, the appellant argues that he was convicted of reckless driving when he paid his fine on May 2, 1986, and that his conviction is a bar to the instant prosecution charging him with automobile manslaughter. He posits that the two offenses are the same for the purpose of his guarantee against a second prosecution for the same offense after conviction, citing *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); and *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). We need not address these arguments, however, since we conclude that there is a fundamental deficiency in the double jeopardy bar on which the appellant relies.

■ The prohibition against successive prosecutions for the same offense, where the first prosecution has resulted in either an acquittal or conviction of the accused, is part of our common law and guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); *Block v. State*, 286 Md. 266, 407 A.2d 320 (1979). Before that prohibition can be invoked, however, it must appear that the earlier conviction or acquittal occurred in a court which had jurisdiction over the offense and the person of the accused. *Grafton v. United States*, 206 U.S. 333, 345, 27 S.Ct. 749, 751, 51 L.Ed. 1084, 1088 (1907); *Parks v. State*, 287 Md. 11, 410 A.2d 597 (1980); *Block v. State, supra; Parojinog v. State*, 282 Md. 256, 384 A.2d 86 (1978).

■ Md.Code (1974, 1984 Repl.Vol., 1986 Supp.), § 4–301(a) of the Courts and Judicial Proceedings Article provides that the District Court has exclusive original jurisdiction in criminal cases involving violations of the motor vehicle laws "[e]xcept as provided in § 4–302 and § 3–804." Section 4–302(f) states, in pertinent part:

[T]he District Court does not have jurisdiction of an offense otherwise within the District Court's exclusive jurisdiction if a person is charged with another offense in the circuit court arising from the same circumstances. In this case, the circuit court for the county has exclusive original jurisdiction over all the offenses.

By virtue of § 4–302(f), the District Court was divested of jurisdiction over the reckless driving charge against the appellant when the appellant was charged in the Circuit Court for Baltimore City with the various other offenses arising from his November 26, 1985 accident. It matters not that the appellant was not charged in the Circuit Court with reckless driving. Once the appellant was charged in the Circuit Court with any offense arising from the accident, that court obtained "exclusive original jurisdiction over all the offenses" arising from the accident, including

the reckless driving charge. Therefore, the District Court lacked jurisdiction to accept the appellant's payment of a fine on his reckless driving citation, rendering that payment and the appellant's resulting "conviction" a nullity. Similarly, in *State v. Huebner*, 305 Md. 601, 505 A.2d 1331 (1986), *aff'g Huebner v. District Court*, 62 Md.App. 462, 490 A.2d 266 (1985), the Court of Appeals held that once a defendant has made a timely demand for a jury trial of a charge pending against him in District Court and he is entitled to a trial by jury in a Circuit Court on that charge under our Declaration of Rights, the District Court loses all jurisdiction over any other charges pending against the defendant which grew out of the same incident as the charge to be tried by a jury in the Circuit Court. *See also Hart v. State*, 51 Md.App. 341, 443 A.2d 635 (1982).

When the criminal informations in the instant case were filed in the Circuit Court, the District Court lost jurisdiction over the subject matter and the appellant on the charge of reckless driving "arising from the same circumstances" that formed the basis for the charges made in those criminal informations. This divestiture was complete. *See Crawford v. State*, 174 Md. 175, 197 A. 866 (1938); *Tipton v. State*, 8 Md.App. 91, 258 A.2d 606 (1969), *cert. denied*, 257 Md. 736 (1970). We are not presented here with a defective or improper exercise of power by a court having jurisdiction over the subject matter of the offense and the alleged offender. *Cf. Parks v. State, supra*, 287 Md. at 19, 410 A.2d 597; *Block v. State, supra*, 286 Md. at 270, 407 A.2d 320; *Parojinog v. State, supra*, 282 Md. at 264–65, 384 A.2d 86. Consequently, the District Court's acceptance of the appellant's payment of a fine for reckless driving erected no double jeopardy bar to the prosecution of the automobile manslaughter charge then pending against him in the Circuit Court.

ORDER AFFIRMED;

COSTS TO BE PAID BY THE APPELLANT.