613 A.2d 1005

James Marshall BLACKSTON

v.

STATE of Maryland.

No. 1883 Sept. Term, 1991.

Court of Special Appeals of Maryland.

Oct. 5, 1992.

Michael L. Gallavan, Upper Marlboro, for appellant.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Alexander Williams, Jr., State's Atty. for Prince George's County of Upper Marlboro, on the brief), for appellee.

Argued before ALPERT, WENNER, and CATHELL, JJ.

WENNER, Judge.

This is an appeal from a judgment of the Circuit Court for Prince George's County denying appellant's petition for a writ of certiorari. The question before us is whether the circuit court erred in holding that the District Court had jurisdiction over charges pending against appellant. Appellant contends that his election of a jury trial in cases involving identical charges subsequently nolle prossed by the State forever divested the District Court of jurisdiction over the charges. As we disagree with appellant, we shall affirm the judgment of the circuit court.

## BACKGROUND

Appellant, James Marshall Blackston, was charged with battery, theft under $300, and malicious destruction of property as a result of certain events that occurred on December 18, 1989. Two separate statements of charges were filed against him. One on December 19, 1989, the other on January 11, 1990. Appellant elected a jury trial in each case, and the cases were consolidated. When called for trial on September 10, 1990, all of the charges were nolle prossed by the State.

On September 28, 1990, the State filed a criminal information in the District Court charging appellant with battery, theft under $300, and malicious destruction of property. These were the same charges contained in the statements of charges. When the criminal information was called for trial in the District Court on January 21, 1991, appellant moved to dismiss the charges, contending that the District Court lacked jurisdiction. The District Court denied the motion

but stayed trial pending appellant's petition to the circuit court for a writ of certiorari.

Appellant filed a petition for writ of certiorari on February 7, 1991. On December 3, 1991, after a hearing, the circuit court denied appellant's petition. This appeal followed.

## DISCUSSION

■ Section 4–301(b)(1) of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland vests exclusive original jurisdiction in the District Court over criminal cases in which the accused is at least 18 years old and is charged with the commission of a common-law or statutory misdemeanor. Pursuant to Section 4–301(b)(2) of the Courts and Judicial Proceedings Article, the District Court is also vested with exclusive original jurisdiction over all violations of Article 27, § 342.

As we said earlier, after nolle prossing the statements of charges, the State filed a criminal information charging appellant with the same offenses that had been contained in the statements of charges. All three offenses are within the exclusive original jurisdiction of the District Court. *See*, Cts. & Jud.Proc. § 4–301. The battery and theft charges entitled appellant to a jury trial. *See, Huebner v. District Court,* 62 Md.App. 462, 490 A.2d 266 (1985), *aff'd,* 305 Md. 601, 505 A.2d 1331 (1986) and *Kawamura v. State,* 299 Md. 276, 473 A.2d 438 (1984). Clearly, upon appellant's election of a jury trial the District Court was divested of jurisdiction to try appellant on all three charges. Cts. & Jud.Proc. § 4–302(e).

Appellant asserts that the District Court was permanently divested of jurisdiction when he elected a jury trial, even though the State nolle prossed all of the offenses contained in the statements of charges. According to appellant, inasmuch as the subsequent criminal information filed by the State contained the same charges as those contained in the statements of charges, the criminal information should have

been filed in the circuit court. It is obvious to us that appellant has either ignored the effect of the *nolle prosequi* or is simply not familiar with the effect of a *nolle prosequi.*

When the State nolle prossed the charges contained in the statements of charges, both the charges against appellant contained in the statements of charges and his election of a jury trial were wiped out. *See, Hooper v. State,* 293 Md. 162, 443 A.2d 86 (1982). As the Court of Appeals explained in *Mason v. State,* 302 Md. 434, 488 A.2d 955 (1985):

> Our cases make clear that a nolle prosequi is a bar to any further prosecution under that charging document or count. A nolle prosequi, however, is not an acquittal or pardon of the underlying offense and does not preclude a prosecution for the same offense under a different charging document or different count.

302 Md. at 439, 488 A.2d 955 (citations omitted).

■ Clearly, the State is not permitted to nol pros some but not all of the charges pending against an accused in an attempt to revest or retain jurisdiction in the District Court when the accused has elected a jury trial. *See, Huebner, supra,* 62 Md.App. 462, 490 A.2d 266. When the State nol prossed all of the charges against appellant contained in the statements of charges, it was as if the charges had never existed. *Curley v. State,* 299 Md. 449, 474 A.2d 502 (1984). The *nolle prosequi* simply permitted the State to proceed against appellant on a criminal information, rather than on the statements of charges.

Among other cases, appellant points to *Powers v. State* 70 Md.App. 44, 519 A.2d 1320 (1987) and *Privette v. State,* 320 Md. 738, 580 A.2d 188 (1990) in support of his contention that, notwithstanding the *nolle prosequi* of all of the charges contained in the statements of charges, his election of a jury trial forever divested the District Court of jurisdiction over all of those charges. As we see it, *Powers* and *Privette* are inapposite. *Powers* and *Privette* concern whether the District Court has jurisdiction over certain criminal charges against an accused when other criminal

charges based upon the same circumstances are pending in the circuit court.

In the case *sub judice,* because the State had nol prossed the charges against appellant contained in the statements of charges, there were no charges pending against appellant in the circuit court when the criminal information was filed in the District Court. In other words, there was nothing in the circuit court to which appellant's initial election of a jury trial could attach. Nonetheless, when the criminal information was filed in the District Court, appellant was again entitled to elect a jury trial. Cts. & Jud.Proc. § 4-302(e). Such an election would again oust the District Court of jurisdiction and again vest jurisdiction in the circuit court. Thus, we conclude that the circuit court properly denied appellant's petition for writ of certiorari.

JUDGMENT AFFIRMED

COSTS TO BE PAID BY APPELLANT.