747 A.2d 612

**In re DARREN M.**

**No. 52 Sept. Term, 1999.**

Court of Appeals of Maryland.

Feb. 15, 2000.

Reconsideration Denied April 5, 2000.

Mary Ann Ince, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. of Maryland, on brief), Baltimore, for Appellant.

Michael B. Green, Towson, for Appellee.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, RAKER, WILNER, CATHELL, and HARRELL JJ.

HARRELL, Judge.

On 26 October 1998, the Circuit Court for Baltimore City, sitting as the juvenile court, dismissed a delinquency petition filed against Appellee, Darren M. The juvenile court concluded that it lacked jurisdiction and that the District Court had exclusive jurisdiction over the matter. The State appealed to the Court of Special Appeals. Before the intermediate court heard the appeal, we issued a writ of certiorari on our own initiative. For the reasons stated below, we hold that the juvenile court had exclusive jurisdiction over Darren M. and the conduct alleged in the delinquency petition. As a consequence of our holding, we reverse the judgment of the juvenile court.

The factual allegations that gave rise to the initiation of action against Darren M. can be stated succinctly. In a statement given to a Baltimore City Police detective, Darren M.'s former female companion reported that, on 25 March 1998, she met Darren M. at a Baltimore City apartment to retrieve some of her possessions that he had retained since their breakup. According to her account, after a brief conversation, Darren M. persuaded her to remove her coat and then attempted to force her into having sex with him. She refused. She reported that Darren M. then produced a handgun, ordered her to remove her clothing, and raped her. Darren M. was seventeen years old at the time of the alleged incident.

Darren M. was charged originally in the District Court of Maryland, sitting in Baltimore City, via a criminal warrant, with one count each of rape in the first degree, assault in the first degree, assault in the second degree, use of a handgun in

the commission of a felony or crime of violence, use of a deadly weapon with intent to injure, and carrying a handgun.[1] On 1 May 1998, at a preliminary hearing held in the District Court, the State entered a nolle prosequi to counts of first-degree rape, first-degree assault, use of a handgun in the commission of a felony or crime of violence, and carrying a handgun. Darren M. waived his right to a trial by jury and his bench trial on the remaining charges, second-degree assault and use of a deadly weapon with intent to injure, was scheduled in the District Court for 6 May 1998.

The trial in the District Court began as scheduled.[2] The State's first witness was the victim. As part of her testimony, she testified that Darren M. was seventeen years of age at the time of the alleged incident. At this point, the trial came to a halt as everyone realized, seemingly for the first time, that Darren M. was a juvenile. The District Court judge asked the State how it wished to proceed. The State responded by nolle prossing the two remaining criminal charges against Darren M.

The State subsequently filed a delinquency petition in the Circuit Court for Baltimore City, sitting as the juvenile court, on 14 May 1998. In the petition, the State alleged that Darren M. committed the delinquent act of assault in the second degree. A hearing on the juvenile petition began on 4 June 1998 before a master. At the start of the proceeding, Darren M. moved for dismissal. He contended that the

---

1. Darren M. was born on 3 October 1980, which information was reflected on both the Application for Charges and the criminal warrant issued pursuant thereto in the District Court.

2. Prior to the commencement of the District Court trial, no waiver of the juvenile court's jurisdiction was sought. *See* Maryland Code (1973, 1998 Repl.Vol.), Courts and Judicial Proceedings, § 3–817(a)(the juvenile "court may waive the exclusive jurisdiction conferred by § 3–804 with respect to a petition alleging delinquency by ... [a] child who is 15 years old or older."); *see also* Maryland Code (1973, 1998 Repl.Vol., 1999 Suppl.), Courts and Judicial Proceedings, § 3–817(f)(if the juvenile court waives its jurisdiction, "the court shall order the child held for trial under the regular procedures of the court which would have jurisdiction over the offense if committed by an adult.").

juvenile court lacked jurisdiction over his case and, alternatively, that the institution of the juvenile action, under the circumstances, violated the Fifth Amendment prohibition against double jeopardy. The master concluded that the juvenile court lacked jurisdiction and recommended dismissal of the petition.

The State filed a notice of exceptions with the juvenile court challenging the master's ruling. The court overruled the State's exceptions, reiterating the view that it lacked jurisdiction over Darren M.'s case. Specifically, the court found that the District Court had acquired exclusive jurisdiction and, consequently, the juvenile court was precluded from exercising jurisdiction in the matter.

## I.

Our focus in this case is on whether the juvenile court erred in ruling that it lacked jurisdiction over the delinquency proceeding in which seventeen year old Darren M. was alleged to have committed the delinquent act of second-degree assault. Darren M. contends that the juvenile court ruled correctly because the District Court had jurisdiction over his case.[3] He premises his argument, in part, on the jurisdictional limits of the juvenile court as set forth in Maryland Code (1973, 1998 Repl.Vol.), Courts and Judicial Proceedings (CJP), § 3–804(e).[4] Pursuant to CJP § 3–804(e)(1), Darren M. asserts that the State initially and properly charged him criminally in the District Court because the juvenile court does not have jurisdiction over cases involving a "child at least 14 years old

---

3. In his brief and at oral argument, Darren M. alluded to "the adult court" and "the adult criminal court." By these terms, we presume that he is referring to either the Circuit Court or the District Court exercising their respective jurisdictions over criminal matters. We shall employ the appropriate name of each court in the context of our analysis of Darren M.'s argument.

4. Unless otherwise indicted, all subsequent statutory references are to Maryland Code (1973, 1998 Repl.Vol.), Courts and Judicial Proceedings (CJP), as the prevailing codification of the law at the time of the proceedings below.

alleged to have done an act which, if committed by an adult, would be a crime punishable by death or life imprisonment." First-degree rape, a charge contained in the District Court warrant against Darren M., would be a qualifying charge under CJP § 3–804(e)(1) because it is punishable by life imprisonment.[5] *See* Maryland Code (1957, 1996 Repl.Vol., 1999 Cum.Supp.), Article 27, § 463(b). Darren M. points out that the juvenile court also lacks jurisdiction over the other charges in the warrant because CJP § 3–804(e)(1) prohibits that court from gaining jurisdiction over charges arising out of the same incident which caused the criminal court to acquire jurisdiction.[6]

Relying on *Gray v. State*, 6 Md.App. 677, 253 A.2d 395 (1969), Darren M. further asserts that the District Court retained jurisdiction over his case after the State nolle prossed the first-degree rape and first-degree assault counts. He directs us to an excerpt in *Gray* where the intermediate appellate court explained:

It has long been accepted as a well-known principle of law that the jurisdiction of a court depends upon the state of affairs existing at the time it is invoked, and if the jurisdiction once attaches to the person and subject matter of the litigation, the subsequent happening of events, though they are of such a character as would have prevented jurisdiction from attaching in the first instance, will not operate to oust the jurisdiction already attached.

---

**5.** Pursuant to CJP § 3–804(e)(4)(ix) & (xiii), the juvenile court also was deprived of jurisdiction by virtue of the carrying a handgun and first-degree assault counts. Those subsections state that the juvenile "court does not have jurisdiction over ... a child at least 16 years old alleged to have committed ... (ix) [a] crime in violation of Article 27, § 36B [wearing, carrying or transporting a handgun]; ... [or][a]ssault in the first degree in violation of Article 27, § 12A–1 of the Code."

**6.** Section 3–804(e) states, in pertinent part, that the juvenile court does not have jurisdiction over:

(1) a child at least 14 years old alleged to have done an act which, if committed by an adult, would be a crime punishable by death or life imprisonment, as well as all other charges against the child arising out of the same incident.

*Gray,* 6 Md.App. at 682–83, 253 A.2d at 398. In Darren M.'s view, the misdemeanor counts remaining against him after the State nolle prossed the felony counts may have been within the jurisdiction of the juvenile court, but under the facts of his case, the remaining charges should have stayed in the District Court because proper criminal jurisdiction attached originally in the District Court.

On the question of which court, district or circuit, had criminal jurisdiction over his case, Darren M. maintains that his case was properly before the District Court, rather than the Circuit Court. He reasons that, after the State nolle prossed the felony charges, the remaining charges involved crimes that were misdemeanors within the exclusive jurisdiction of the District Court under CJP § 4–301(b)(1).[7] Based on his waiver of the right to a jury trial, Darren M. contends that his case should have remained in the District Court.

Because the District Court had jurisdiction over his case when the State nolle prossed the final counts against him, Darren M. penultimately contends that jeopardy attached during the District Court trial when the court swore the State's first witness, Darren M.'s former girlfriend. Darren M. suggests that the State is barred from subsequently instituting any charge arising from the same course of conduct in juvenile court due to the constitutional prohibition against twice placing a defendant in jeopardy because the State entered a nolle pros in a court with jurisdiction after jeopardy attached.

## II.

■ Darren M.'s effort to explain to his advantage the jurisdictional constraints of our judicial system is fundamen-

---

7. Pursuant to § 4–301(b), ". . . . the District Court also has exclusive original jurisdiction in a criminal case in which a person at least 18 years old . . . is charged with (1) Commission of a common-law or statutory misdemeanor." This would need to be read together with § 4–302(d)(*l*)(i) which provides that the District Court has concurrent jurisdiction with the Circuit Court in a criminal case "[i]n which the penalty may be confinement for three years or more or a fine of $2,500 or more."

tally flawed. Darren M. overlooks that the District Court never had jurisdiction to adjudicate the criminal charges lodged against him. When the State originally charged Darren M. the case was not within the criminal jurisdiction of the District Court. On 1 May 1998, Darren M. was before the District Court for a preliminary hearing. At that point, pursuant to CJP § 4–304, the District Court had limited authority to conduct a preliminary hearing. Section 4–304 of the Courts and Judicial Proceedings Article provides:

[t]he District Court has jurisdiction to conduct a preliminary hearing in a felony case to determine if the defendant should be held for action of the grand jury or if charged by information, for trial in the appropriate court.

Aside from this limited jurisdiction, the District Court had no other authority in Darren M.'s case.

Darren M.'s argument is flawed further because it is premised on the erroneous theory that the District Court could obtain general criminal jurisdiction over Darren M. The District Court's jurisdictional power is not so broad. To rule in his favor, we would have to ignore the clear jurisdictional boundaries established for the District Court by the General Assembly. The District Court is, by statute, a court of limited jurisdiction. *See* CJP § 1–601; *Birchead v. State,* 317 Md. 691, 697–98, 566 A.2d 488, 491 (1989). The contours of the District Court's criminal jurisdiction are enumerated in CJP §§ 4–301 through 4–304. Under CJP § 4–301(b)(1), the District Court has exclusive original jurisdiction in a criminal case in which a person is charged with a statutory or common law misdemeanor, but that section also states that the person charged must be "at least 18 years old" for that jurisdiction to attach. The District Court may not exercise general criminal jurisdiction over an individual less than eighteen years of age,[8]

---

**8.** The District Court has exclusive original jurisdiction over individuals at least 16 years of age that are charged with violations of Maryland motor vehicle laws or the State Boat Act. *See* CJP § 4–301(a); *see also* n. 7, *supra.*

except in those limited instances expressly described by statute.

In making a jurisdictional determination based on age, the age of the person at the time he or she allegedly committed the acts underlying the charges generally controls. *See* CJP § 3–805(a). *See also Parker v. State,* 61 Md.App. 35, 37–38, 484 A.2d 1020, 1021 (1984). Darren M. was seventeen years old at the time of the alleged incident. The District Court never had jurisdiction over him.

### III.

We noted at the onset that when it became apparent, early in the District Court trial, that Darren M. was seventeen years old and not within the proper jurisdiction of the District Court for the charged offenses, the State entered a *nolle prosequi* to the two remaining counts pending against Darren M. A *nolle prosequi* is an official declaration by the State announcing that it will not pursue the charges in a particular charging document. *See Ward v. State,* 290 Md. 76, 83, 427 A.2d 1008, 1012 (1981). In effect, the *nolle prosequi* wipes out the charges pending against the defendant and precludes the State from prosecuting the defendant under the charging document that was nolle prossed. *See Hooper v. State,* 293 Md. 162, 167–68, 443 A.2d 86, 89–90 (1982); *Blackston v. State,* 93 Md.App. 567, 570, 613 A.2d 1005, 1006 (1992). It is clear, however, that the *nolle prosequi* is not an acquittal or pardon from the underlying conduct that served as the basis of the original charges and the State is free ordinarily to take action against a defendant under a different charging document. *Mason v. State,* 302 Md. 434, 439, 488 A.2d 955, 958 (1985); *Ward v. State,* 290 Md. at 83, 427 A.2d at 1012.

In the case *sub judice,* when the State nol prossed the second-degree assault and use of a deadly weapon with intent to injure counts no criminal charges remained pending against Darren M., but he was not excused from possible responsibility for the alleged conduct that initially produced the charges. *Id.* The State was permitted to pursue the correct legal

process regarding Darren M.'s alleged behavior. CJP § 3–804(a)(1) states that the juvenile court has exclusive original jurisdiction over a child alleged to have committed a delinquent act. Darren M. was a minor at the time of the alleged incident and the State charged him with committing an act within the exclusive jurisdiction of the juvenile court. The juvenile court erred in concluding that it lacked jurisdiction to adjudicate Darren M.'s case.

■ Because we hold in this case that the District Court never had jurisdiction to try, and therefore convict, Darren M. of the relevant criminal charges, his double jeopardy argument fails. It is axiomatic that double jeopardy principles have no application in a case until an individual is placed in initial jeopardy in a court which has jurisdiction. *In re John P.*, 311 Md. 700, 707, 537 A.2d 263, 266–67 (1988); *Parks v. State*, 287 Md. 11, 16, 410 A.2d 597, 601 (1980); *State v. Shaw*, 282 Md. 231, 233, 383 A.2d 1104, 1106 (1978); *Powers v. State*, 70 Md.App. 44, 48, 519 A.2d 1320, 1322 (1987).

JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY REVERSED; CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO BE PAID BY APPELLEE.