785 A.2d 1270

**STATE of Maryland**

v.

**Kelly Day MARTIN.**

**No. 22, Sept. Term, 2001.**

Court of Appeals of Maryland.

Dec. 6, 2001.

Diane E. Keller, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. of Md., on brief), Baltimore, for Petitioner.

Arthur A. DeLano, Jr., Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for Respondent.

Argued before BELL, C.J., ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and ROBERT L. KARWACKI (Retired, Specially Assigned), JJ.

BELL, Chief Judge.

The question this case presents is whether and, if so, when, the State may proceed with the prosecution of a lesser included offense of a charge that it has specifically nolle prossed. We shall hold that it may do so, but only when, at the time of the entry of the nolle pros, the State has clearly made known its intention to proceed with the lesser offense. We further hold that, in this case, that was not done. Accordingly, we shall affirm the judgment of the Court of Special Appeals.

 It is well settled in this State that charging an offense for which there are lesser included offenses permits the conviction of the defendant not simply of the specifically charged offense, but also of any lesser included offense the evidence supports. *See Skrivanek v. State,* 356 Md. 270, 281, 739 A.2d 12, 18 (1999); *State v. Bowers,* 349 Md. 710, 718, 709 A.2d 1255, 1258–59 (1998); *Hagans v. State,* 316 Md. 429, 444– 45, 559 A.2d 792, 799–800 (1989). In fact, the roots of the rule can be, and have been, traced back to the common law. *See Hagans,* 316 Md. at 445, 559 A.2d at 799 ("At common law it was settled that a defendant, charged only with a greater offense, could be convicted of an uncharged lesser included offense as long as both were felonies or both misdemeanors."). It is equally well settled that "[t]he entry of a nolle prosequi is generally within the sole discretion of the prosecuting attorney, free from judicial control and not dependent upon the defendant's consent," *Ward v. State,* 290 Md. 76, 83, 427 A.2d 1008, 1012 (1981); *see also In re Darren M.* 358 Md. 104, 112, 747 A.2d 612, 616 (2000); Maryland Rule 4–247(a),[1] and that it "may be entered as to an entire charging document, or one or more counts, or even a part of a count." *Ward,* 290 Md. at 83, 427 A.2d at 1012. *See also Hook v. State,* 315 Md. 25, 35, 553

---

1. Maryland Rule 4–247(a) provides:

"(a) Disposition by Nolle Prosequi. The State's Attorney may terminate a prosecution on a charge and dismiss the charge by entering a nolle prosequi on the record in open court. The defendant need not be present in court when the nolle prosequi is entered, but in that event the clerk shall send notice to the defendant, if the defendant's whereabouts are known, and to the defendant's attorney of record."

A.2d 233, 238 (1989). Nonetheless, we have recognized that "under the concept of fundamental fairness with respect to a trial in a criminal cause, the broad authority vested in a prosecutor to enter a nolle prosequi may be fettered in the proper circumstances." *Hook* at 37, 553 A.2d at 238.

The facts necessary for resolution of this appeal are not in dispute. Kelly Day Martin, the respondent, was charged by indictment with murder (count one) and first degree assault (count two) in the case of Gilberto Hernandez and by criminal information with first and second degree assaults on Tomas and Juan Hernandez. At the conclusion of the State's case in the trial of the consolidated charges, the State, in response to the court's inquiry whether it was conceding any charges, indicated that it "would concede in [the Gilberto Hernandez case], Count 2.... First degree assault." Thereafter, the following colloquy occurred:

"The Court:—first degree assault All right. You're nol prossing—

[Prosecutor]: However—well, I guess I can't nol pros it because it's second—yeah. I'll nol pros that one because it's second at best.

The Court: All right First degree assault is nolle prosequi...."

Subsequently, the court informed the respondent that, in the case of Gilberto Hernandez, second degree assault "as lesser included" was still viable. The respondent argued that the evidence was insufficient to sustain the charge of second degree assault against Gilberto Hernandez, but his arguments proved unsuccessful. He then proffered that this charge was not before the court, noting specifically the State's failure to charge second degree assault in the indictment as to Gilberto Hernandez while doing so in the other case. He argued as follows:

"And Your Honor, I would also argue that the State never indicted it [second degree assault], and they indicted it in the other case. There's no reason that they should not have indicted it. They indicted murder and they indicted first

degree assault. If they wanted to proceed on second degree assault they should have indicted it. I'm going to ask the Court, for that reason, that it was not indicted in [the case involving Gilberto Hernandez]—

They came back and they filed a superceding indictment, at which time they filed the first and second degree assault counts against Kelly Day Martin for both Juan and Tomas Hernandez. They could have added a second degree assault count against Gilberto Hernandez. They chose not to. It's not in there, and I'm asking the Court to grant a motion for judgment. I don't think I should have to address it."

Without elaboration, the court denied the respondent's motion for judgment of acquittal as to second degree assault on Gilberto Hernandez, implicitly rejecting his argument that the issue was not properly before the court. The court then instructed the jury that it could convict the respondent of the second degree assault of Gilberto Hernandez.

The jury convicted the respondent of three counts of second degree assault, the two counts charged as to Juan and Tomas Hernandez and the uncharged count as to Gilberto Hernandez. The respondent appealed to the Court of Special Appeals. That court, in an unreported opinion, affirmed the judgments as to the charged counts but reversed the judgment as to Gilberto Hernandez. As to the latter, the intermediate appellate court opined:

"[T]he 'charging document' that was nol prossed was Count Two of Indictment No 982050B, which charged [the respondent] with first degree assault and, without expressly stating so, charged him with the lesser included offense of second degree assault. . . . By nol prossing this first degree assault charge, however, the State effectively nol prossed the lesser included offense of second degree assault which was subsumed into that charge in accordance with the statute [2] since the indictment contained no separate charge

**2.** Maryland Code (1957, 1999 Repl. Vol., Cum. Supp.) Art. 27, § 12A–4 (c) provides that "[a] charge of assault in the first degree also charges a defendant with assault in the second degree."

of second degree assault, the only remaining charge arising out of the attack on Gilberto Hernandez was first degree murder, and the jury acquitted [the respondent] of that charge. Therefore, it was error to instruct the jury that [the respondent] could be found guilty of second degree assault."

We granted the State's petition for Writ of Certiorari to review this decision. *State v. Martin*, 364 Md. 139, 771 A.2d 1069 (2001).

The State urges that we reinstate the trial court's judgment convicting the respondent of the second degree assault of Gilberto Hernandez, arguing that the Court of Special Appeal's decision was based on that court's "erroneous assumption that the State cannot enter a nolle prosequi as to part of a count." Relying upon *Hagans, supra, Ward, supra, Hook, supra,* and *Knotts v. State*, 237 Md. 417, 420, 207 A.2d 100, 102–03 (1965), the State submits that the statement of the issue [3] and the result reached by the intermediate appellate court in the Gilberto Hernandez case are inconsistent with this Court's cases on the issue and exalt form over substance. Then, noting our description of a nolle pros as " 'the prosecution's abandonment of a charging document, count or part of a count,' " *Hooper v. State*, 293 Md. 162, 168, 443 A.2d 86, 89–90 (1982), and that it is the substance of the prosecutor's action that controls, *see id.; Dean v. State*, 325 Md. 230, 234, 600 A.2d 409, 410–11 (1992); *Jackson v. State*, 322 Md. 117, 123–24, n. 3, 586 A.2d 6, 9, n. 3 (1991), the State concludes that, here, as *Ward* permits, the State simply nolle prossed a part of a count to reduce the charge to the lesser included one: "[t]he prosecutor clearly intended to nol pros only the charge of first degree assault, and the trial court properly submitted

---

3. The Court stated:

 "Here, the issue was not whether appellant could have been convicted of an uncharged lesser included offense of a charged offense and acquitted of the greater offense. The issue is whether the uncharged lesser included offense had an existence separate from the charged offense, so that it survived independently when the charged offense was eliminated."

the charge of second degree assault of Gilberto Hernandez to the jury."

The respondent disagrees with the State's argument, instead agreeing with the Court of Special Appeals that the nolle pros of the only offense charged in the indictment necessarily disposed of any uncharged lesser included offenses. He suggests, however, that a different result might obtain if the State's intention to proceed on the lesser included offense was clear, if, for example, the prosecutor's remarks informed the court and the defendant that the State was nolle prossing only the greater offense. Thus, argues the respondent: "[h]ad the prosecutor wanted to continue prosecution of second degree assault as an uncharged lesser included offense under Count 2 of the indictment, she should have clearly indicated her intention."

Contrary to the State's position, neither the *Hook* nor the *Hagans* line of cases controls the outcome of the case *sub judice*. *Hook* involved the authority of the State to enter a nolle pros to a lesser included charge, *see Bowers*, 349 Md. at 719, 709 A.2d at 1259 (so describing the issue in that case), an issue not at all involved in this case. In *Hook*, at the conclusion of its case, the State nolle prossed the lesser included offense of second degree murder, thereby precluding the jury from considering it and leaving to the jury only the first degree murder counts of premeditated murder and felony murder, as well as related armed robbery and handgun counts. We held that the trial court should have instructed the jury on the lesser included offense of second degree murder. *Hook*, 315 Md. at 44, 553 A.2d at 243.

On the other hand, *Hagans* addressed whether a jury could convict a defendant of an offense with which he or she had not been charged when that offense was a lesser included offense of a charged offense. *Bowers*, 349 Md. at 719, 709 A.2d at 1259. As already noted, we held that it could. *Hagans*, 316 Md. at 444–45, 559 A.2d at 799–800.

Here, it is the charged offense that has been nolle prossed and, as we have seen, it is the effect of that nolle pros on the

viability of the lesser included offense that must be determined, almost the opposite of the *Hook* scenario. We have not heretofore considered this issue.

■ As noted, the State may nolle pros an entire charging document, one or more but less than all of the counts of such a charging document, or part of a count of such a charging document. *See Ward, supra,* 290 Md. at 83, 427 A.2d at 1008; *Hook, supra,* 315 Md. at 35, 553 A.2d at 238. The number of options and the different consequences flowing from each make it imperative that the record reflect, and clearly so, what is being nolle prossed. The State recognizes that this is so, for it argues not simply that the prosecutor nolle prossed only the first degree assault charge, but also that the prosecutor's intention to do so and to proceed on the lesser included offense of second degree assault was clear and fair, given the respondent's notice under settled law generally and Maryland Code (1957, 1999 Repl. Vol.) Art. 27, § 12A–4, in particular, of his being charged with both. We hold that to proceed on an uncharged lesser included offense of an offense that it has specifically and intentionally nolle prossed, the State must clearly and unambiguously evidence an intention to do so. That intention is not manifest on this record.[4]

■ To be sure, when nolle prossing the first degree assault count of the indictment in the Gilberto Hernandez case, the prosecutor mentioned that the evidence supported only second degree assault on two occasions—on the first, she expressed doubt as to whether to nolle pros the count "because it's second" and later, when actually nolle prossing the

---

4. The docket entries confirm the lack of clarity with respect to the State's action in nolle prossing the first degree assault count and the intended effect on the charge of second degree assault. The State's entry of the nolle pros occurred on November 16, 1999. That day's docket entry included: "State enters count 2, nolle prosequi." Almost two weeks later, that entry was "clarified" by one stating: "Ordered by [the trial judge] to amend docket entry of 11–16–99 on page 4[as] follows: strike the words 'state enters count 2, nolle prosequi' and insert the following words: 'state enters count 2—first degree assault—nolle prosequi.' "

count, she explained "because it's second, at best." The State argues that this colloquy is clear evidence of the prosecutor's intention to nolle pros only the first degree assault charge and to proceed on the second degree charge. We do not agree.

What the prosecutor said and what she intended is far from clear. At best, her remarks are ambiguous. Indeed, the prosecutor's comments evidence her uncertainty as to the effect of a nolle pros of the first degree assault charge on the viability of the second degree charge; they do not demonstrate an intention, clear or otherwise, to proceed on the second degree charge, although the intention to nolle pros the first degree charge is unambiguous. As the respondent points out, "the fact that the prosecutor apparently may not have understood that second degree assault was an uncharged lesser included offense and that she could enter a nolle prosequi as to part of a count and continue prosecution on the remaining part is irrelevant."

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED, WITH COSTS.